FRANK A. MEYERS *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1]

Suffolk.    January 5, 1960. — May 9, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Employment Security,* What constitutes unemployment.

An employee, who was laid off for some weeks by his employer in violation of a collective bargaining agreement with his union and who subsequently was paid by the employer an amount awarded by an arbitrator to make him "whole for wages lost" during those weeks, received "remuneration" applying to those weeks within § 1 (r) (3) of G. L. c. 151A, the employment security law, was not in "total unemployment" in those weeks within § 1 (r) (2), and was not entitled to unemployment benefits for those weeks.

PETITION, filed in the Municipal Court of the City of Boston on November 13, 1958, for review of a decision by the board of review in the division of employment security that the petitioner had received unemployment benefits to which he had not been entitled.

The case was heard by *Morrissey,* J.

*James M. Harkless,* for the petitioner.

---

[1] American Optical Company, the employing unit.

Meyers v. Director of the Division of Employment Security.

*Phillip Lemelman*, Assistant Attorney General, (*John A. Hayes* with him,) for the director of the division of employment security.

COUNIHAN, J.    This is a petition filed in the Municipal Court of the City of Boston (a District Court) for a review of a decision of the board of review (the board) of the division of employment security (the division) existing under G. L. c. 23, § 9N (b), as amended through St. 1951, c. 763, § 21A.    The petition was filed pursuant to G. L. c. 151A, § 42, as amended through St. 1954, c. 681, § 12.    After hearing, a judge of that court affirmed the decision of the board and the petitioner filed an appeal to this court.    G. L. c. 151A, § 42, as amended.    There was no error.

From the record and the exhibits it appears that the following proceedings give rise to this appeal. · Meyers was hired by the employing unit in its Boston branch on June 11, 1957, when he was approximately sixty-four years old. One James Boyce was hired by the employing unit in July, 1957, and was transferred to the Boston branch on August 9, 1957.    Meyers became ill at the end of August, 1957, and because of illness he remained out of work until November 4, 1957.    Early in that November the employing unit decided that one employee should be laid off and Meyers was laid off on November 8, 1957.    At that time he was senior in service to Boyce, who was subsequently laid off on March 12, 1958.

Meyers contended that he should not have been laid off on November 8, 1957, because of the seniority of his service to that of Boyce.    The union of which he was a member and which was the bargaining agent for the employees of the employing unit complained that the layoff of Meyers was a violation of the collective bargaining agreement and the dispute was submitted to an arbitrator.    The arbitrator on June 20, 1958, found that the layoff of Meyers was a violation of the agreement and made an award that "[h]e should be made whole for wages lost from November 8, 1957, to March 12, 1958, less any amount he may have received from unemployment compensation . . . during that period."    In

accordance with the terms of the award the employing unit on July 11, 1958, paid Meyers his wages from November 8, 1957, to March 12, 1958, after deducting the sum of $594 which Meyers had received as unemployment benefits from the division.  This balance amounted to $814.

Shortly after November 8, 1957, Meyers filed with the division a claim for unemployment benefits and he was awarded by the director and was paid the sum of $33 a week for eighteen weeks.  This amounted to $594.  On July 2, 1958, after the award by the arbitrator, the director of the division issued a notice of redetermination and overpayment of benefits to Meyers.  G. L. c. 151A, § 71, as amended through St. 1951, c. 763, § 21.  Meyers appealed from this decision to the board of review.

After hearing, a review examiner, whose decision is deemed to be that of the board (c. 151A, § 41), affirmed the decision of the director and Meyers filed the petition for review in the Municipal Court of the City of Boston.  The present appeal of Meyers brings before us the correctness of the action of the board and of the decision of the judge affirming that action.  See *Conley* v. *Director of the Div. of Employment Security,* 340 Mass. 315.

"An individual in total unemployment and otherwise eligible for benefits shall be paid for each week of unemployment . . . ."  Chapter 151A, § 29 (a).  "[A]n individual shall be deemed to be in total unemployment in any week in which he performs no wage-earning services whatever, and for which he receives no remuneration . . . ."  Chapter 151A, § 1 (r) (2).  Section 1 (r) (3) defines "remuneration" as "any consideration, whether paid directly or indirectly," by the employing unit "for services rendered to such employing unit."  This subsection provides also that "[r]emuneration shall be deemed to have been received in such week or weeks in which it was earned or . . . to which it can reasonably be considered to apply."  The director may reconsider a determination when he finds that an error has occurred in connection therewith which has been newly discovered.  Chapter 151A, § 71, as amended

through St. 1951, c. 763, § 21. The division may recover by action of contract any amounts paid to an individual through error. Chapter 151A, § 69 (a), as amended through St. 1951, c. 763, § 20.

The question we have to determine is whether Meyers was in "total unemployment" during the period in dispute. Chapter 151A does not specifically deal with the exact situation before us where Meyers received an award of back pay in arbitration proceedings growing out of a violation of a collective bargaining agreement. It is clear from the language used by the arbitrator that the award was to make the petitioner whole for the wages he lost from November 8, 1957, to March 12, 1958. It appears that the award only gave the petitioner his back pay less the amount he received from unemployment benefits. This award, however, is not binding upon us or upon the director of the division. The Supreme Court of the United States has stated that the matter of recoupment by the State for unemployment benefits is a matter between the State and the employee. *National Labor Relations Bd.* v. *Gullett Gin Co.* 340 U. S. 361, 365.

The purpose of the arbitration proceedings was to reimburse the employee for any loss of wages caused by the wrongful act of the employer. An award of back pay in these circumstances was not a fine, penalty or damages as contended by Meyers. We think rather that it was remuneration from the employer for wages. Chapter 151A, § 1 (r) (3). *Cerce* v. *Director of the Div. of Employment Security,* 333 Mass. 130, 132.

We think that the decision of the board, that the payment of unemployment benefits during the waiting period was not proper, was correct and that payment of benefits for the waiting period was properly a matter for redetermination. Chapter 151A, § 23, as amended through St. 1955, c. 530.

We do not have before us the issue whether, in view of our decision, Meyers is entitled to further payment of wages under the arbitration award.

*Decision of the Municipal Court*
*of the City of Boston affirmed.*