JESSE R. KISAMORE

*v.*

PHYLLIS J. RUTLEDGE, *Clerk, etc.,*

BOARD OF REVIEW, *etc., et al., and*

ISLAND CREEK COAL CO.

(No. 14997)

Decided April 3, 1981.

*Allan N. Karlin* for petitioner.

*Callaghan & Callaghan & Dan O. Callaghan* for respondents.

McHugh, Justice:

This action is before this Court upon the petition, filed September 19, 1980, of Jesse R. Kisamore who appeals from an order of the Circuit Court of Kanawha County, West Virginia, entered July 22, 1980, which order affirmed a final decision of the Board of Review of the West Virginia Department of Employment Security denying the appellant unemployment compensation benefits. This action is now submitted for decision upon the petition, all matters of record, including a transcript of the January 7, 1977, hearing before the Trial Examiner of the Department of Employment Security, and upon the memoranda of law and argument of counsel.

The appellant, Jesse Kisamore, worked for the appellee, the Island Creek Coal Company, as a "lamp house, bath house attendant" from August 1965, to on or about November 23, 1976, at which time he was suspended from his employment. The appellant was a member of the United Mine Workers of America during the period of suspension.

Specifically, the record indicates that on November 23, 1976, the appellant was given a letter by his employer stating that the appellant was suspended from his employment "with intent to discharge" for (1) excessive absenteeism, (2) failure to work assigned hours, and (3) unsatisfactory service.

The testimony before the Trial Examiner of the West Virginia Department of Employment Security indicates that, during the suspension period, the appellant (1) was

kept upon the company payroll, although the appellant received no wages, (2) was continued in employment seniority, (3) continued to accrue vacation pay benefits, and (4) maintained certain United Mine Workers' health benefits.

Upon being suspended, the appellant filed a grievance and requested immediate arbitration. An arbitration hearing was held in Bridgeport, West Virginia, on December 3, 1976, and the decision of the arbitrator was set forth in a written decision dated December 14, 1976. Although the arbitrator was of the opinion that the employment record of the appellant was substandard and subject to discipline, the arbitrator held that the appellant was to be reinstated to his employment as of April 4, 1977, "work available," and subject to the appellant being able to pass a physical examination normally given to any new employee of the appellee.[1]

On December 6, 1976, the appellant filed a claim for unemployment compensation benefits, seeking benefits from December 5, 1976, until April 4, 1977, except for the period within such time that the appellant obtained other employment.

A deputy of the West Virginia Department of Employment Security, in a written decision dated December 15, 1976, held the appellant to be ineligible, indefinitely from December 5, 1976, to receive unemployment compensation benefits. The deputy further held that the appellant was not disqualified to receive unemployment benefits. The basis of the ineligibility ruling was the determination by the deputy that the appellant, during the period of suspension, was neither totally nor partially unemployed.

The appellant appealed the decision of the deputy to the trial examiner, and an evidentiary hearing was held on

---

[1] As the arbitrator held:

The grievant will be reinstated as of April 4, 1977, work available, to his employment at the Company, without any back pay, but without loss of seniority or any other contractual benefits providing the grievant is able to pass a pre-employment physical examination normally given to any new hire.

Arbitration decision—December 14, 1976, at 11.

January 7, 1977. The trial examiner, by written decision dated January 11, 1977, affirmed the decision of the deputy holding the appellant to be ineligible, but not disqualified to receive unemployment compensation benefits. Specifically, the trial examiner made findings of fact and conclusions of law to the effect that the appellant was not separated from his employment during the suspension period and, thus, was neither totally nor partially unemployed.[2]

The appellant then appealed the decision of the trial examiner to the Board of Review of the West Virginia Department of Employment Security. The Board of Review by written decision dated April 1, 1977, adopted the findings of fact and conclusions of law of the trial examiner and affirmed the decision of the trial examiner.

The Board of Review stated that because the appellant's employment was never legally or technically terminated during the suspension period, the appellant was not totally unemployed. The Board further stated that because there was no "lack of work" within the meaning of the statutory definition of partial unemployment, but rather the appellant was being disciplined, the appellant was not partially unemployed.

Subsequently, the appellant, by petition, appealed the decision of the Board of Review of the West Virginia Department of Employment Security to the Circuit Court of Kanawha County, West Virginia. Pursuant to *W.Va. Code*, 21A-7-17, all unemployment compensation appeals from the Board of Review must be made to the Circuit Court of Kanawha County.

By written opinion dated June 12, 1980, the circuit court affirmed the decision of the Board of Review holding the appellant to be ineligible but not disqualified to receive unemployment compensation benefits. This opinion was made part of the record by order entered July 22, 1980.

As did the Board of Review, the circuit court determined that the appellant's employment relationship was not severed during the suspension period and, thus, the appellant was not totally unemployed. Moreover, the court,

citing *Pickens v. Kinder*, 155 W.Va. 121, 181 S.E.2d 469 (1971), stated that there was no "lack of work" within the meaning of the statutory definition of partial unemployment to justify the appellant's assertion that he was partially unemployed.

In the proceeding before this Court, the appellant contends that he was totally unemployed during the suspension period within the meaning of the West Virginia unemployment compensation law and, thus, entitled to unemployment benefits. Specifically, the appellant contends that his reinstatement to employment was conditioned upon the availability of work and passing a medical examination and, further, that although a technical employee-employer relationship may have continued during the suspension period, the appellant was, in effect, totally unemployed because he performed no work and received no wages.

---

[2] The findings of fact of the trial examiner are as follows:
1. Claimant had been employed by the captioned employer as a bath house attendant.
2. There had been some absenteeism in the claimant's work record and also some complaints by the employer that his work was unsatisfactory.
3. Claimant admitted that he had missed some time from work and he blamed this upon problems at home. He also contended that on some occasions he could not get to work because of the distance.
4. The captioned employer had followed the union contract in reprimanding the claimant and actually the claimant had been suspended from work
5. The matter had been arbitrated pursuant to the union contract. The results of the arbitration indicated that the employer had properly suspended the claimant until April 4, 1977.
6. The claimant was kept on the payroll and in such status he accrued vacation pay benefits, but no holiday pay. He was required to pass a test before he would be reinstated to the active work force.
7. The union representative indicated that the claimant would retain his health card while in suspended status.
8. An exhibit was offered in evidence which contained the results of the arbitration.

In the alternative, the appellant contends that he was partially unemployed during the suspension period and, thus, entitled to unemployment benefits. Here, the appellant contends that a "lack of work" existed within the statutory definition of partial unemployment in that the appellant could not voluntarily return to his employment.

Furthermore, the appellant contends that the eligibility provisions of the West Virginia unemployment compensation statutes are unconstitutional because there is no rational distinction between a discharged employee, who may ultimately receive unemployment compensation benefits, and an employee upon a prolonged suspension from employment, who presumably may not receive unemployment compensation benefits.

The appellee, on the other hand, contends that the circuit court was correct in its determination that the appellant was neither totally nor partially unemployed and, thus, not entitled to unemployment compensation benefits. The appellee contends that, inasmuch as the appellant's employment relationship was never severed during the suspension period, the appellant was not totally unemployed. Furthermore, the appellee asserts that inasmuch as the suspension was brought about by the appellant's poor employment record, the appellant was voluntarily unemployed, and, therefore, no "lack of work" existed to justify the appellant's claim for partial unemployment.

As stated in the written opinion of the Circuit Court of Kanawha County, the eligibility and disqualification provisions of the West Virginia unemployment compensation law constitute a two-step process to entitlement to unemployment compensation benefits. When an individual is held to be eligible to receive unemployment benefits, the next step is to consider possible disqualification for benefits. Accordingly, no issue having been raised in the record before this Court with respect to disqualification for unemployment compensation benefits, the sole issue is whether or not the appellant is eligible to receive such benefits.

The Circuit Court of Kanawha County was further correct in its opinion in stating that findings of fact by the Board or Review should not be set aside in a case of this nature unless such findings are plainly wrong. *W.Va. Code*, 21A-7-21; *Copen v. Hix*, 130 W.Va. 343, 43 S.E.2d 382 (1947). However, although the plainly wrong doctrine applies to findings of fact by the Board of Review, this doctrine does not apply to conclusions of law by the Board of Review. Syl. pt. 1, *Pierce v. Pierce*, 274 S.E.2d 514 (W.Va. 1981); Syl. pt. 1, *Burks v. McNeel*, 264 S.E.2d 651 (W.Va. 1980).

To be eligible to receive unemployment compensation benefits, an individual must be totally or partially unemployed. *W.Va. Code*, 21A-6-1; *W.Va. Code*, 21A-6-11. An individual is totally unemployed when he is separated from his employment and during which separation he performs no services, and with respect to which no wages are payable to him. An individual is separated from his employment when there has been a total severance of the employer-employee relationship by "quitting, discharge or otherwise."[2]

Generally, an individual, not separated from employment, is partially unemployed in any week in which due to "lack of work" he performs no services and with respect to which no wages are payable to him.[3]

---

[2] *W.Va. Code*, 21A-1-3, defines "total unemployment" and "separated from employment" as follows:

An individual shall be deemed totally unemployed in any week in which such individual is separated from employment for an employing unit and during which he performs no services and with respect to which no wages are payable to him.

"Separated from employment" means, for the purpose of this chapter, the total severance, whether by quitting, discharge or otherwise, of the employer-employee relationship.

[3] *W.Va. Code*, 21A-1-3, defines "partial unemployment" as follows:

An individual who has not been separated from employment shall be deemed to be partially unemployed in any week in which due to lack of work he performs no services and with respect to which no wages are payable to him, or in any week in which due to lack of full time work wages payable to him are less than his weekly benefit amount plus twenty-five dollars.

In *Pickens v. Kinder, supra,* a strike occurred in 1967 by union employees of the F.M.C. Corporation upon the expiration of a collective bargaining agreement. During the dispute the striking employees were carried upon the payroll and their pension rights and insurance premiums continued in force. Furthermore, during the strike, no person quit permanently or was discharged and work was available for any employee who would have desired to enter the plant to work. When the strike ended the striking employees returned to their regular positions in the plant.

The West Virginia Supreme Court of Appeals, in *Pickens,* affirmed a ruling of the Circuit Court of Kanawha County, West Virginia, holding that the striking employees were neither totally nor partially unemployed and, thus, not entitled to receive unemployment compensation benefits.

Specifically, this Court, in *Pickens,* held that there was no total severance of the employee-employer relationship and, therefore, because the employees were not separated from employment, they were not totally unemployed.

Furthermore, this Court, in *Pickens,* held that, because work was available at the plant during the strike, there was no "lack of work" within the statutory definition of partial unemployment, and, therefore, the employees were not partially unemployed.

Unlike the facts in *Pickens,* however, the appellant in this case could only be reinstated to his employment, subject to the availability of work and passing a medical exam, at the end of the suspension period. Accordingly, this Court is of the opinion that where an employee is suspended from his employment for disciplinary reasons and his reinstatement to employment is conditional, in that work must be available and the employee must pass a physical examination, and during the suspension period the employee performs no services and no wages are payable to him from the suspending employer, such employee is "otherwise" separated from employment within themeaning of *W.Va. Code,* 21A-1-3, and such employee is totally unemployed and eligible to receive

unemployment compensation benefits. *W.Va. Code,* 21A-1-3; *W.Va. Code,* 21A-6-1.

It is important to note that although some evidence appears in the transcript of the hearing before the trial examiner and the December 14, 1976 decision of the arbitrator that the appellant's work record was substandard, the appellant has never been held to be disqualified to receive unemployment compensation benefits because of misconduct. The issue of misconduct was not developed before the Department of Employment Security and, consequently, cannot be reviewed by this Court. The issue of misconduct, therefore, is not related to whether or not the appellant is eligible to receive unemployment compensation benefits.[4]

Nor is evidence in the arbitrator's December 14, 1976, decision, that the appellant's employment record was substandard, binding upon this Court. Findings of fact and conclusions of law by an arbitrator in an employment dispute matter are not binding upon the West Virginia Department of Employment Security or the courts of this State. *Meyers v. Director of Division of Employment Security,* 341 Mass. 79, 167 N.E.2d 160 (1960).[5]

---

[4] It should further be noted that the availability of the appellant for employment during the suspension period, a factor of eligibility for unemployment compensation benefits, is not contested in the record before this Court. The petition clearly indicates that the appellant registered, as required, for benefits with the West Virginia Department of Employment Security. *London v. Board of Review,* 244 S.E.2d 331 (W.Va. 1978).

[5] In *Meyers v. Director of Division of Employment Security,* 341 Mass. 79, 167 N.E.2d 160 (1960), a senior employee was laid off prior to the layoff of a junior employee. An arbitrator determined that the layoff of the senior employee was a violation of the collective bargaining agreement between the labor union of the senior employee and the employing unit. The arbitrator awarded the senior employee back pay, less any amount "received from unemployment compensation."

Shortly after his layoff, in *Meyers,* the senior employee received unemployment compensation.

Subsequently, the senior employee appealed the notice of the Director of the Division of Employment Security of redetermination and overpayment of unemployment benefits.

In proceedings before the West Virginia Department of Employment Security concerning claims for unemployment compensation benefits, evidence is to be taken and a record is to be developed by the Department with findings of fact and conclusions of law independent from the findings of an arbitrator. Pursuant to *W. Va. Code*, 29A-5-5, the provisions of *W. Va. Code*, 29A-5-3, concerning orders or decisions under the *West Virginia Administrative Procedures Act* do not apply to unemployment compensation cases. However, as with such orders or decisions under the Act, a reasoned, articulate decision by the Department setting forth evidentiary facts is contemplated. Syl. pt. 2, *Citizens Bank v. West Virginia Board of Banking and Financial Institutions*, 233 S.E.2d 719 (W.Va. 1977).

Accordingly, inasmuch as this Court holds that the appellant was totally unemployed during the suspension period and, therefore, eligible to receive unemployment compensation benefits, this Court need not decide the constitutionality of the West Virginia unemployment compensation eligibility statutes or whether or not the appellant was partially unemployed. The July 22, 1980, order of the Circuit Court of Kanawha County is hereby reversed.

*Reversed.*

---

The Supreme Court, in *Meyers*, upheld the director and stated that the payment of unemployment benefits to the senior employee was not proper but was a matter for redetermination. Specifically, the Court held that the award of back pay was remuneration from the employer for wages and not a fine, penalty or damages.

The Massachusetts Court, in *Meyers*, stated as follows, with respect to the award of the arbitrator: "This award, however, is not binding upon us or upon the director of the division. The Supreme Court of the United States has stated that the matter of recoupment by the State for unemployment benefits is a matter between the State and the employee. *National Labor Relations Board v. Gullett Gin Co.*, 340 U.S. 361, 365, 71 S.Ct. 337, 95 L.Ed. 337."
167 N.E.2d at 162.