300 S.E.2d 637

**Raymond FARMER**

v.

**Phyllis J. COLE, etc., et al.**

**No. 15662.**

Supreme Court of Appeals of West Virginia.

Feb. 17, 1983.

Webster J. Arceneaux, III, Charleston, for petitioner.

Shaffer and Shaffer and George D. Blizzard, II, Madison, for respondents.

PER CURIAM:

This is an appeal by the claimant, Raymond Farmer, from an order of the Circuit Court of Kanawha County which affirmed a ruling of the Board of Review of the Department of Employment Security denying him unemployment compensation benefits. The crux of the Department's ruling was that the claimant, who had been suspended for disciplinary reasons, was not totally or partially unemployed and, as a result, was not entitled unemployment benefits. The claimant, relying upon *Kisamore v. Rutledge*, 166 W.Va. 675, 276 S.E.2d 821 (1981), claims that he was unemployed within the meaning of the law. We agree with the claimant's contention, and we reverse the decision of the Circuit Court of Kanawha County.

In December, 1976, the claimant, who had been a motor operator for Eastern Associated Coal Corporation for approximately three years, was suspended from employment with intent to discharge for failure to follow an order. The claimant refused to follow the order because he decided that it required him to do work outside his job classification.

The claimant filed a grievance over the suspension, and the question was submitted to arbitration. On January 5, 1977, the arbitrator found that the discharge was without good cause and, therefore:

"(1) The Discharge shall be changed to a suspension.

"(2) The grievant shall be returned to work April 4, 1977, work available, and during that period of time he shall be suspended from work, without loss of seniority or other contract benefits, but shall receive no pay during the suspension."

The claimant also filed a claim for unemployment compensation benefits on January 4, 1977. On January 18, 1977, he was denied the benefits by a deputy of the Department of Employment Security because he was not "totally nor partially unemployed as defined by the Unemployment Compensation Law." That decision was subsequently affirmed by the Board of Review of the Department of Employment Security. The claimant then appealed to the Circuit Court of Kanawha County.

On May 20, 1982, the Circuit Court of Kanawha County upheld the Board of Review's decision. It is from the circuit court's ruling that the claimant now appeals.

In syllabus point 1 of *Kisamore v. Rutledge, supra*, we said:

"Findings of fact by the Board of Review of the West Virginia Department of Employment Security, in an unemployment compensation case, should not be set aside unless such findings are plainly wrong; however, the plainly wrong doctrine does not apply to conclusions of law by the Board of Review."

The *Kisamore* case involved a situation factually almost identical to the one now before us. Kisamore was suspended from his employment "with intent to discharge". He filed a grievance, and the question was submitted to arbitration. The arbitrator, on December 14, 1976, held that he be reinstated to his employment as of April 4, 1977, "work available", and subject to the appellant's being able to pass a physical

examination normally given to any new employee. The deputy for the West Virginia Department of Employment Security held that Kisamore was ineligible to receive unemployment compensation benefits. The trial examiner and the Board of Review of the Department of Employment Security concurred with the deputy's finding. Subsequently, the Circuit Court of Kanawha County affirmed the ruling of the Board of Review. After examining the questions presented we concluded:

> "Where an employee is suspended from his employment for disciplinary reasons and his reinstatement to employment is conditional, in that work must be available and the employee must pass a physical examination, and during the suspension period the employee performs no services and no wages are payable to him from the suspending employer, such employee is 'otherwise' separated from employment within the meaning of *W.Va. Code*, 21A–1–3, and such employee is totally unemployed and eligible to receive unemployment compensation benefits. *W.Va.Code*, 21A–1–3; *W.Va.Code*, 21A–6–1.*" Syllabus point 2, *Kisamore v. Rutledge, supra*.

We are persuaded by the reasoning in *Kisamore* that the claimant in the case before us was "otherwise" separated from employment within the meaning of *W.Va. Code*, 21A–1–3, and that he is eligible to receive unemployment compensation benefits. While the claimant, unlike Kisamore, was not required to pass a physical examination before returning to work, his reinstatement was conditional on work being available. The crux of the *Kisamore* ruling was that reinstatement be conditional and that during the suspension period the employee perform no services and that no wages be payable to him from the suspending employer. In the case before us, as in *Kisamore*, the arbitrator did not absolutely require the employer to accept the claimant's return to work. Instead, as in *Kisamore*, he conditioned the employer's acceptance of the claimant on work being available. We believe that the condition brings the claimant's case within the purview of *Kisamore* and that the claimant should, therefore, be considered unemployed and be awarded unemployment benefits for the suspension period.

The judgment of the Circuit Court of Kanawha County is accordingly reversed.

Reversed.