309 S.E.2d 54

**Rick L. SMITH**

v.

**Phyllis Jean COLE, Clerk, etc., et al.**

**and**

**G.E. Credit Corp.**

**No. 15955.**

Supreme Court of Appeals of West Virginia.

Nov. 10, 1983.

Rick L. Smith, pro se.

No appearance for respondents.

PER CURIAM:

The appellant, Rick L. Smith, a single, young man, appears pro se to appeal a final order of the Circuit Court of Kanawha County which affirmed a decision of the West Virginia Department of Employment Security's Board of Review denying him unemployment compensation based upon a finding that he left work voluntarily without good cause involving fault on the part of his employer within the meaning of West Virginia Code § 21A-6-3(1) (1983

Supp.). Although the appellant contends that his departure from employment was not voluntary because he left for health reasons, the real issue in this case is whether he was justified in refusing to accept a transfer to another position offered by his employer as an accommodation to his health problems. The finding of fact by the Board of Review that the appellant's termination was voluntary was not plainly wrong, and we must therefore affirm.

The appellant was hired as an inventory inspector by the General Electric Credit Corporation on November 5, 1980. His annual compensation was $9,950 in salary, use of a company car worth $3,000, and a $1,200 expense account. In addition, the appellant states that his employer promised him that he would be given a raise, a promotion, and a transfer within nine to twelve months after he commenced employment, and that if a move was required in connection with this transfer, his employer would reimburse him for his moving expenses.

Beginning in October 1981, the appellant's employer began undergoing a major reorganization. In conjunction with the closing of several branch offices, many employees were terminated and others were transferred to a new regional business center in Cincinnati, Ohio. Initially, the appellant was neither terminated nor transferred, although he indicated to his employer that he desired to transfer to an office position in Cincinnati in order to avoid the extensive traveling incidental to his position as an inventory inspector. Instead, he was asked to remain in his current position through the transitional period.

On February 4, 1982, the appellant reiterated his request to his supervisor that he be taken off the road and given an office position. His supervisor replied that the company was attempting to locate such a position either in Cincinnati or in Chicago. On February 23, 1983, the appellant was hospitalized with kidney stones after several months of minor back trouble. These physical ailments heightened his anxiousness to be relieved of the four thousand mile per month travel requirements of his

inventory inspection position, although there is nothing in the record to indicate that his illness was related to his traveling or that he actually informed his employer of these health problems.

Nevertheless, on March 8, 1982, the appellant was offered a phone collection position in Cincinnati at his current salary. Understandably, however, since this position would not require any travel, the appellant would not be provided with either a company car or an expense account. Additionally, the appellant would not be reimbursed for his moving expenses. The appellant refused this offer because he was going to lose his company car and expense account, and he interpreted this as a reduction in salary. He also feared that the job might prove only temporary since other employees with greater seniority might bump him when their positions were phased out.

The appellant was aware of the fact that his current inventory inspection position might eventually be eliminated, although it was not clear when this might occur. He also felt that he could no longer physically perform his duties in that position. Therefore, despite the fact that his employer made it clear that he was free to remain, the appellant quit in order to find more suitable employment.

On April 25, 1982, the appellant, having unsuccessfully attempted to secure other employment, applied for unemployment compensation benefits. Although his claim was held to be compensable by a deputy of the Department of Employment Security, he was disqualified from receiving benefits because his leaving employment for health reasons was deemed a voluntary quit without good cause involving fault on the part of his employer. An administrative law judge with the department affirmed the deputy's decision both because he interpreted health reasons in general not to be a good cause and because he felt that the appellant was not justified in refusing the proposed transfer to Cincinnati. The appellant unsuccessfully challenged this ruling before the Board of Review, which adopted the administrative law judge's findings of fact and conclusions of law in their entirety, and before the circuit court, which held that the change of managerial policy concerning the reimbursement of moving expenses was an insufficient reason to refuse transfer.

The applicable portion of the statute under which the appellant was disqualified provides:

> Upon the determination of the facts by the commissioner, an individual shall be disqualified for benefits: (1) For the week in which he left his most recent work voluntarily without good cause involving fault on the part of the employer and until the individual returns to covered employment at least thirty working days.

West Virginia Code § 21A–6–3(1) (1983 Supp.).

As in *Gibson v. Rutledge,* 171 W.Va. 164, 298 S.E.2d 137, 139 (1982), we note initially that, "[t]he key word 'voluntarily' is not defined in the statute and it is upon the meaning of this word that the present case rests." In *State v. Hix,* 132 W.Va. 516, 522, 54 S.E.2d 198, 201 (1949), this Court defined the word "voluntarily" as "the free exercise of the will." In a similar vein, we stated in *Lee-Norse Co. v. Rutledge,* 170 W.Va. 162, 291 S.E.2d 477, 482 (1982), that, "The purposes of the Act are only served when an available and willing worker who, against his will and contrary to his choice, is compelled to leave his employment, receives compensation."

In Syllabus Point 1 of *Kisamore v. Rutledge,* 166 W.Va. 675, 276 S.E.2d 821 (1981), this Court stated, "Findings of fact by the Board of Review of the West Virginia Department of Employment Security, in an unemployment compensation case, should not be set aside unless such findings are plainly wrong...." In this case, the appellant specifically requested that he be transferred to an office position in Cincinnati because he wanted to cease the extensive traveling required of him in his position as inventory inspector. His employer complied with this request fully, offering him a position in Cincinnati at his same salary and level. When the appellant realized, however, that he would lose his com-

pany car and expense account if he accepted this position, he changed his mind and rejected the offer. The appellant was not "compelled" to leave his employment with General Electric for reasons of health. He was offered suitable employment by his employer to accommodate his health problems. His decision to reject this offer rendered his termination "voluntary" and disqualified him from receiving unemployment compensation benefits. Therefore, we cannot say as a matter of law that the finding of a voluntary quit by the Board of Review was "plainly wrong."

Accordingly, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.