328 S.E.2d 524

**Ronald McDONALD**

v.

**Phyllis J. RUTLEDGE, Clerk, etc.; Parsons Footwear; the Board of Review of the W.Va. Dept. of Employment Security; J.F. McClanahan, Chairman; C.C. Elmore, Jr., Member; Gregory Elliot, Member; and the Commissioner of the W.Va. Dept. of Employment Security.**

**No. 16429.**

Supreme Court of Appeals of
West Virginia.

April 3, 1985.

Tom Rodd, Morgantown, for appellant.

Robert B. Allen, King, Betts & Allen, Charleston, for appellees.

BROTHERTON, Justice:

Ronald McDonald was employed as a shoe molder operator at Parsons Footwear, Inc., in Parsons, West Virginia. His job entailed taking tennis shoe tops out of an oven, laying them on a mold, and pulling tightly on two strings to tighten them onto the mold before a machine attached the rubber sole. In a working day this operation would be repeated up to 600 times. Pulling on the strings cut and blistered the appellant's hands. The employer supplied cotton gloves and tape. However, Mr. McDonald claims that these measures were insufficient.

Appellant began work on April 27, 1981, then worked through May 1, 1981, a total of one week. He was then off two weeks to May 18, 1981, on Workers' Compensation due to the blisters on his hands. He worked May 18, 1981, and quit.

Mr. McDonald applied for unemployment compensation benefits and was initially held to be disqualified by the Deputy on June 12, 1981, and by the Administrative Law Judge on July 7, 1981. On appeal the Board of Review of the Department of Employment Security initially reversed the decision of the Administrative Law Judge. The case was reopened, however, upon application of the employer and remanded by the board on February 16, 1982, for a further evidentiary hearing before the Administrative Law Judge. On March 25, 1982, the Administrative Law Judge again held Mr. McDonald to be disqualified and this time the Board of Review affirmed, as did the Circuit Court of Kanawha County, by order dated April 18, 1984. Ronald McDonald now appeals to this Court.

The governing law in this case is found in *Gibson v. Rutledge*, 171 W.Va. 164, 298 S.E.2d 137, 141 (1982): "... [A]n employee who has been compelled to terminate his employment for reasons of health cannot be said to have voluntarily quit his job."

The key question, therefore, is whether the finger injuries "compelled" Ronald McDonald to terminate his employment.

Almost every new job will include some degree of physical discomfort before the worker's body adjusts to the new tasks. In adjusting to a position involving physical work with the hands, minor blisters are common and expected. Temporary symptoms of adjustment to a new position, such as minor blisters, are not a compelling reason to leave work.[1] On the other hand, a *recurring injury* of a *severity that physically prevents the worker from completing his assigned tasks* is a compelling reason to leave work. In this case the record documents severe blisters and deep cuts. An opinion by Dr. Guy Michael, M.D., stating that appellant was unable to work as a shoe molder due to finger injuries, unrebutted by medical evidence by the employer, is also persuasive. In this extreme case Ronald McDonald has met his burden of showing that his injuries were not temporary and minor but recurring and severe and that he was, therefore, "compelled" to leave work.

This Court will only set aside findings of fact by the Board of Review if they are plainly wrong. *Kisamore v. Rutledge*, 166 W.Va. 675, 276 S.E.2d 821, 824 (1981). Based on this record, however, we must agree with the appellant that the Board's finding that Ronald McDonald was not compelled to leave was plainly wrong. Mr. McDonald was compelled to leave work due to medical reasons and our decision in *Gibson v. Rutledge, supra*, mandates a reversal. For the reasons set forth above, the decision of the Circuit Court of Kanawha County is reversed and this case is remanded for further development in accordance with the principles set forth herein.

Reversed and remanded.

---

1. Otherwise, every worker first introduced to a shovel on the job would be "compelled" to leave work after the first day.