Susan POTVIN

v.

**SEVEN ELMS, INC.**

Supreme Judicial Court of Maine.

Argued June 15, 1993.
Decided July 6, 1993.

Anthony K. Ferguson (orally), Fales & Fales, Lewiston, for plaintiff.

Gerard O. Fournier (orally), Isaacson & Raymond, Lewiston, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Seven Elms, Inc., appeals from a judgment entered on a jury verdict in the Superior Court (Androscoggin County, *Delahanty, C.J.*) awarding damages to Susan Potvin on her claim for a breach of contract. Because we conclude that the court neither erred in excluding evidence of Potvin's receipt of unemployment compensation benefits nor in refusing to amend the judgment to reduce the damage award by the amount of unemployment compensation she had received, we affirm the judgment.

In 1988 Susan Potvin and Seven Elms, Inc., entered into an employment contract whereby Potvin agreed to provide bookkeeping services to Seven Elms for its boarding home in the town of Washington. Potvin was terminated the following year. Thereafter, Potvin commenced this action against Seven Elms in a complaint seeking damages for a breach of contract. Potvin filed a pretrial motion *in limine* seeking to exclude evidence of her receipt of unemployment benefits. The court granted the motion, but reserved the right to order a set-off for the amount of unemployment compensation received. The jury returned a verdict in favor of Potvin and determined her total damages to be $24,000. The jury concluded, however, that Potvin failed to mitigate her damages and reduced the award to $13,231. The court entered judg-

ment accordingly. Seven Elms' motion to amend the judgment pursuant to M.R.Civ.P. 59(a) to obtain a set-off for the amount of unemployment compensation Potvin received was denied, and this appeal followed.

We have previously held that under the collateral source rule, a plaintiff who has been compensated in whole or in part for his damages by a source independent of the tortfeasor is nevertheless entitled to a full recovery against the tortfeasor. *Werner v. Lane*, 393 A.2d 1329, 1335 (Me.1978). The premise underlying this rule is that either the injured party or the tortfeasor will receive a windfall if part of a loss is paid by an independent source, and, as between the injured party and the tortfeasor, the injured party should reap the benefit of the windfall. *Id.* at 1335–36. Seven Elms contends that by denying its motion to amend the court improperly extended the collateral source rule to actions for a breach of contract. We disagree. While it is true that *Werner* was a tort case, we did not limit the application of the collateral source rule to tort actions. Indeed, in *Werner* we cited with approval a number of cases from other jurisdictions applying the rule in non-tort contexts. *Id.* at 1335.

Seven Elms further contends that because it contributed to the fund from which Potvin received unemployment compensation she did not receive compensation from a collateral source. This argument is unpersuasive. Under Maine's system of unemployment compensation, employers do not directly pay benefits to their former employees. Rather, employers are required to pay an amount determined by statute into the unemployment compensation fund. *See* 26 M.R.S.A. § 1221 (1988). Only a fraction of the benefits an employee receives is attributable to the contributions of the former employer. Notwithstanding the fact that Seven Elms contributes to the fund and that its experience rating record will be adversely affected, there is an insufficient nexus between its direct expense and the actual benefits Potvin received to conclude that the payments she received came from Seven Elms. *See German*

*Auto Parts v. Bureau of Labor & Indus.*, 111 Or.App. 522, 826 P.2d 1026, 1028 (1992).

The overwhelming majority of courts that have considered the issue have held that the damages awarded in an action for the breach of an employment contract are not to be reduced by the amount of unemployment compensation benefits received by the plaintiff. *See, e.g., Hall v. Hotel L'Europe, Inc.*, 69 N.C.App. 664, 318 S.E.2d 99, 102 (1984); *Powell v. Wyoming Cablevision, Inc.*, 184 W.Va. 700, 403 S.E.2d 717, 725 (1991). *But see Meyers v. Director of Div. of Employment Sec.*, 341 Mass. 79, 167 N.E.2d 160, 162–63 (1960); *Dehnart v. Waukesha Brewing Co.*, 21 Wis.2d 583, 124 N.W.2d 664, 671 (1963). The dominant rationale for this rule is that unemployment compensation is intended to alleviate the distress of unemployment, not to diminish the amount an employer must pay as damages for the wrongful discharge of an employee. *See, e.g., Powell*, 403 S.E.2d at 725. We find this rationale to be persuasive and consistent with the Employment Security Act's purpose of "alleviat[ing] the economic hardship incident to unemployment." *Dotter v. Maine Employment Sec. Comm'n*, 435 A.2d 1368, 1373 (Me.1981); *see* 26 M.R.S.A. § 1042 (1988). Moreover, reducing Potvin's damage award by the amount of unemployment compensation she received would grant a windfall to Seven Elms because its termination of Potvin will have been in essence subsidized by the other employers contributing to the unemployment compensation fund. We hold, therefore, that the collateral source rule prohibits a reduction of the damages awarded to a plaintiff on a claim for the breach of an employment contract by the amount of unemployment compensation benefits received by the plaintiff.

Because Seven Elms is not entitled to a reduction in the damages awarded to Potvin, it is not entitled to present evidence concerning the amount of the unemployment compensation benefits she received. Therefore, the court properly granted Potvin's motion to exclude the evidence of her receipt of such benefits. We do not, how-

117

ever, foreclose the possibility that the *fact* of a plaintiff's receipt of unemployment compensation, as opposed to the *amount* of compensation received, may be relevant and admissible for a specific limited purpose, such as whether the receipt of the compensation affected the plaintiff's efforts to mitigate damages by seeking work. *See Theriault v. Swan*, 558 A.2d 369, 371 n. 3 (Me.1989).

The entry is:

Judgment affirmed.

All concurring.