STATE OF WEST VIRGINIA

Keithann Widner,
Petitioner Below, Petitioner

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)  No. 12-0964 (Kanawha County 11-AA-53)

Mike Jones, Chair of the West Virginia
Bureau of Employment Programs Board
of Review; James G. Dillon, member of the
Board of Review, Carole A. L. Bloom, member
of the Board of Review; Russell Frye, Acting
Director for Work Force West Virginia; and
Charleston Area Medical Center, Employer,
Respondents Below, Respondents

## MEMORANDUM DECISION

Petitioner Keithann Widner, by counsel Bruce Perrone, appeals the "Order of Respondent Charleston Area Medical Center, Inc. Denying Petitioner's Appeal of Respondent Board's Disqualification of Unemployment Benefits" entered by the Circuit Court of Kanawha County on June 25, 2012, denying petitioner unemployment compensation benefits. The employer Charleston Area Medical Center, Inc. ("CAMC"), by counsel L. Kevin Levine, has filed a summary response, to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was employed by CAMC as a coder from July 2, 2007, until she was terminated on October 28, 2010. Petitioner received a written warning for falling asleep on the job in July of 2010. Subsequently, petitioner was caught sleeping on the job. In September of the same year, petitioner received another written warning for failing to follow CAMC core values. As a result of petitioner's performance she received a performance improvement plan. In October of 2010, petitioner received a written warning for a billing mistake and was caught sleeping on the job again. Petitioner was discharged on October 28, 2010, for sleeping at work, which constituted gross misconduct.

Petitioner filed a claim for unemployment compensation benefits with WorkForce West Virginia. On November 15, 2010, a deputy issued an initial decision disqualifying petitioner

from benefits beginning October 24, 2010, through December 11, 2010, for simple misconduct pursuant to West Virginia Code § 21A-6-3(2). Petitioner timely appealed the deputy's decision to the administrative law judge ("ALJ"). The ALJ reversed the deputy's decision and held that petitioner was discharged for an act of gross misconduct because she continued to sleep at work after receiving prior written warnings in violation of CAMC policy. Petitioner then timely appealed to the Board of Review ("Board"), which issued its opinion on March 10, 2011, that affirmed and adopted the ALJ's decision in its entirety. Petitioner appealed to the Circuit Court of Kanawha County, claiming the Board's decision was erroneous.

On appeal, petitioner first argues that the circuit court erred in affirming the ALJ's decision because before the gross misconduct penalty is triggered, the employer must first show that the specific acts are misconduct, and that the employee was discharged for the same type of act. Petitioner also argues that involuntary acts, such as those caused by illness, cannot be considered an act of misconduct when determining whether an applicant should be denied unemployment compensation. Petitioner also argues that the rules of liberality require reversal because CAMC failed to prove that her conduct fell within the appropriate disqualification provision.

This Court has held:

> The findings of fact of the Board of Review of the West Virginia [Bureau of Employment Programs] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo.*

Syl. Pt. 3, *Adkins v. Gatson,* 192 W.Va. 561, 453 S.E.2d 395 (1994). This Court has also held:

> Findings of fact by the Board of Review of the West Virginia Department of Employment Security, in an unemployment compensation case, should not be set aside unless such findings are plainly wrong; however, the plainly wrong doctrine does not apply to conclusions of law by the Board of Review.

Syl. Pt. 1, *Kisamore v. Rutledge*, 166 W.Va. 675, 276 S.E.2d 821 (1981).[1] Upon our review, the Court concludes that the circuit court did not improperly review the Board's decision nor did it err in affirming it. Having reviewed the circuit court's "Order of Respondent Charleston Area Medical Center, Inc. Denying Petitioner's Appeal of Respondent Board's Disqualification of Unemployment Benefits" entered on June 25, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the circuit court and its June 25, 2012 order affirming the board's decision.

---

[1] Prior to 2007, Workforce West Virginia was known as the Bureau of Employment Programs. *See* W.Va. Code § 21A-1-4 (2009).

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II