STATE OF WEST VIRGINIA

**Christine A. Stefanko,**
**Petitioner Below, Petitioner**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 12-0773** (Kanawha County 10-AA-97)

**West Virginia Bureau of Employment Programs,**
**Board of Review, Mike Jones, James Dillon and**
**Carole Bloom, as members of the Board of Review,**
**Russell Frye, Acting Executive Director for Workforce**
**West Virginia, and Quad Graphics, Inc., Respondents**
**Below, Respondents**

## MEMORANDUM DECISION

Petitioner Christine A. Stefanko, by counsel Melinda Dugas, appeals the "Final Order Affirming Decision of Board of Review" entered by the Circuit Court of Kanawha County on May 14, 2012, denying petitioner unemployment compensation benefits. The employer Quad Graphics, Inc., by counsel David Mincer, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was employed by Quad Graphics, Inc., as an inkjet operator from January 23, 2001, until she was terminated on January 11, 2010. Petitioner received both a verbal and written warning concerning her attendance issues. Subsequently, petitioner signed a "Last Chance Agreement" on December 21, 2009, which provided that petitioner would be immediately terminated for violating company policy in the next 120 days. Petitioner failed to appear for work on January 8, 2010, and was terminated on January 11, 2010, for violating the "Last Chance Agreement." Petitioner filed a claim for unemployment compensation benefits with WorkForce West Virginia. On January 29, 2010, a WorkForce Deputy issued an initial decision disqualifying petitioner from benefits for gross misconduct pursuant to West Virginia Code § 21A-6-3(2). Petitioner timely appealed the deputy's decision to the administrative law judge ("ALJ"). The ALJ affirmed the deputy's decision and held that petitioner had received ample written warnings that absenteeism would lead to her termination and violated the "Last Chance Agreement." Petitioner timely appealed to the Board of Review ("Board"), which issued an

1

opinion on May 19, 2010, that affirmed and adopted the ALJ's decision in its entirety. Petitioner appealed to the Circuit Court of Kanawha County, claiming the Board's decision was erroneous.[1]

On appeal, petitioner first argues that the circuit court erred affirming the ALJ's decision without determining whether the "Last Chance Agreement" was a qualifying provision under West Virginia law. Petitioner next argues that the circuit court erred in affirming the ALJ's decision when the findings were made without applying the rules of liberality afforded to claimants applying for unemployment compensation benefits.

This Court has held:

> The findings of fact of the Board of Review of the West Virginia [Bureau of Employment Programs] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo.*

Syl. Pt. 3, *Adkins v. Gatson,* 192 W.Va. 561, 453 S.E.2d 395 (1994).[2] This Court has also held:

> Findings of fact by the Board of Review of the West Virginia Department of Employment Security, in an unemployment compensation case, should not be set aside unless such findings are plainly wrong; however, the plainly wrong doctrine does not apply to conclusions of law by the Board of Review.

Syl. Pt. 1, *Kisamore v. Rutledge*, 166 W.Va. 675, 276 S.E.2d 821 (1981). Upon our review, the Court concludes that the circuit court did not improperly review the Board's decision nor did it err in affirming it. Petitioner had a number of absences, which resulted in receiving a written warning and a "Last Chance Agreement." Subsequently, petitioner failed to appear for work after signing the "Last Chance Agreement." Having reviewed the circuit court's "Final Order Affirming Decision of Board of Review" entered on May 14, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the circuit court and its May 14, 2012 order affirming the Board's decision.

Affirmed.

---

[1] The Court declines to address whether petitioner's appeal was timely filed in circuit court pursuant to West Virginia Code § 21A-7-17 because respondent did not raise the issue as a cross-assignment of error.

[2] Prior to 2007, Workforce West Virginia was known as the Bureau of Employment Programs. *See* W.Va. Code § 21A-1-4 (2009).

**ISSUED:**  June 28, 2013


**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II