**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**John Patrone,**
**Petitioner Below, Petitioner**

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 16-0571** (Kanawha County 15-AA-6)

**Board of Review, West Virginia**
**Bureau of Employment Programs;**
**Workforce West Virginia,**
**and R.M. Roach and Sons, Inc.,**
**Respondents Below, Respondents**

**MEMORANDUM DECISION**

Petitioner John Patrone, by counsel Matthew Jividen, appeals the May 13, 2016, order of the Circuit Court of Kanawha County affirming the decisions of the Administrative Law Judge ("ALJ") and the West Virginia Workforce Board of Review ("BOR") who found that petitioner was disqualified from unemployment benefits until he had returned to covered employment and had worked for at least thirty working days. Respondents did not file a response.[1] On appeal, petitioner argues that his conduct did not amount to misconduct or gross misconduct.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was employed by R.M. Roach and Sons, Inc., as a cashier from May 9, 2014, until he was terminated on September 22, 2014. On August 18, 2014, petitioner received a written notice that he failed to complete the expected duties while closing the store which resulted in an added labor expense. Two days later, petitioner's cash register was short $27.87. Thereafter, petitioner received a "Performance Notice" that specifically indicated that "[a]ny further excessive variances will result in further documentation leading to termination." On September 16, 2014, petitioner's cash register was short $23.10. Petitioner received another "Performance Notice" that documented his second cash shortage in thirty days. Furthermore, the notice documented that petitioner, in violation of the store's smoking policy, was smoking near the rear entrance of the store and that he took a thirty-two ounce fountain drink from the store

---

[1]We refer respondents to Rules 10(d) and 10(e) of the Rules of Appellate Procedure, which requires respondents to file a brief or summary response. We decline to employ its use in this matter, but we caution respondents that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

1

without paying for it. As a result, petitioner was immediately terminated from his employment.

Several days later, petitioner filed for unemployment benefits. In his application, petitioner admitted that he took a fountain drink, but he claims he paid for it the following day. Furthermore, petitioner acknowledged that his cash register was short approximately $20.00 in August, and that he received a written warning that he would be discharged for a second cash shortage. The Deputy Commissioner ruled that petitioner was not eligible to receive unemployment benefits because he failed to comply with a known company policy, regarding his cash shortages, after he received a prior written warning, and found that his conduct amounted to "gross misconduct" pursuant to West Virginia Code § 21A-6-3(2).[2]

On November 3, 2014, petitioner appealed, and a hearing was held before an ALJ. Petitioner and R.M. Roach and Sons, Inc. were present and submitted evidence. The ALJ affirmed the findings of the Deputy Commissioner, that petitioner was discharged for gross misconduct. The following month, petitioner appealed to the Board, which issued an opinion on December 23, 2014, that affirmed and adopted the ALJ's findings and conclusions.

In January of 2015, petitioner filed an appeal with the circuit court. On May 13, 2016, the circuit court entered its order affirming the decisions below. In its order, the circuit court ruled that petitioner was disqualified from unemployment benefits because he was discharged for gross misconduct. This appeal followed.

This Court has held:

> The findings of fact of the Board of Review of the West Virginia [Bureau of Employment Programs] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo.*

Syl. Pt. 3, *Adkins v. Gatson,* 192 W.Va. 561, 453 S.E.2d 395 (1994). This Court has also held:

> Findings of fact by the Board of Review of the West Virginia Department of Employment Security, in an unemployment compensation case, should not be set aside unless such findings are plainly wrong; however, the plainly wrong doctrine does not apply to conclusions of law by the Board of Review.

Syl. Pt. 1, *Kisamore v. Rutledge*, 166 W.Va. 675, 276 S.E.2d 821 (1981).[3]

---

[2]Pursuant to West Virginia Code § 21A-6-3(2), an individual is disqualified from receiving unemployment benefits "[i]f he or she were discharged from his or her most recent work for one of the following reasons . . . any other gross misconduct." The statute goes on to define "any other gross misconduct" to include "any act or acts of misconduct where the individual has received prior written warning that termination of employment may result from the act or acts."

[3]Prior to 2007, Workforce West Virginia was known as the Bureau of Employment Programs. *See* W.Va. Code § 21A-1-4 (2009).

On appeal, petitioner argues that his conduct did not amount to misconduct, but instead were "honest mistakes." Having reviewed the circuit court's order in light of the record on appeal, we find no error. Hence, we adopt the circuit court's "Final Order" entered on May 13, 2016, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the circuit court and its May 13, 2016, order affirming the board's decision.

Affirmed.

**ISSUED:** May 22, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

John Patrone,

2016 MAY 13 PM 4: 11

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

RECEIVED

MAY 1 9 2016

WORKFORCE WV
Board of Review

Petitioner,

v.

Civil Action No. 15-AA-6
Judge Jennifer F. Bailey

BOARD OF REVIEW, West Virginia
Bureau of Employment Programs;
WORKFORCE WEST VIRGINA
JACK CANFIELD, Chairperson, and
GINO COLUMBO and LESLIE R.
FACEMYER, members; and R.M. ROACH and SONS, INC.,
Employer,

Respondents.

## FINAL ORDER

Before the Court is Petitioner's Petition for Appeal filed on January 20, 2015. Petitioner is appealing the West Virginia Workforce Board of Review's (hereinafter "Board") decision affirming the Administrative Law Judge's findings that Petitioner is disqualified from unemployment benefits pursuant to West Virginia Code §21A-6-3(2). The Court has reviewed the petition, the underlying record as a whole, and all other pertinent legal authorities. As a result of these deliberations, for the reasons set forth in the following opinion, the Court does ORDER that the decision below is AFFIRMED.

### FACTUAL AND PROCEDURAL BACKGROUND

1. Petitioner worked as a sales associate in a service station operated by R.M. Roach & Sons, Inc. ("Employer") in Martinsburg, West Virginia.

2. Employer has a known policy that provides that a sale associate's cash register may not be either over or under by $5.00 or more.

3. On August 20, 2014, Petitioner's cash register was $27.87 short of its expected final daily

1

total. Petitioner received a written warning regarding the cash shortage. The written warning stated that any further excessive cash variances will result in further documentation that could lead to termination of employment.

4. Petitioner has stated that he believes a possibility for the shortage of the $27.87 is due to him hitting the wrong register key. However, this potential cause was not able to be proven during the Board's review.

5. Petitioner's cash register was short again on September 16, 2014, in the amount of $23.10. Due to a second shortage in such a small period time, the previous written warning, and the fact that Petitioner had broken other Employer rules during his employment, the Employer opted to discharge the Petitioner.

6. The Petitioner is liable for gross misconduct as set forth in the statutory provision below due to the previous written warning which was extended to Petitioner on September 16, 2014, which stated that any further cash register variances could result in termination.

7. Petitioner was ultimately terminated on September 16, 2014 after his second register shortage. Shortly thereafter, Petitioner filed for unemployment.

8. On October 7, 2014, the Deputy for Workforce West Virginia issued a decision finding Petitioner was discharged for two cash register variances which constituted gross misconduct because Petitioner had received a written warning for the initial shortage.

9. Petitioner appealed and an Administrative Law Judge affirmed the Deputy's decision on November 3, 2014; ALJ cited the Employer's policy against cash register shortages of more than $5.00 and, the fact that Petitioner received a written warning for the first cash register shortage which put Petitioner on notice of potential termination if the issue arose again during his employment.

2

10. The ALJ decision was appealed to the Board of Review. On December 18, 2014, the Board of Review adopted the findings and affirmed the decision in full.

11. Petitioner appealed the unfavorable decision to the Circuit Court for Kanawha County, West Virginia.

## STANDARD OF REVIEW

The Court's review is governed by the West Virginia Administrative Procedures Act, W.Va. Code § 29A-5-1 *et seq*. West Virginia Code § 29A-5-4(g) states:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision or order are:
>
> (1) In violation of constitutional or statutory provisions; or
> (2) In excess of the statutory authority or jurisdiction of the agency; or
> (3) Made upon unlawful procedures; or
> (4) Affected by other error of law; or
> (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The Court must give deference to the administrative agency's factual findings and review those findings under a clearly wrong standard. Further, the Court applies a *de novo* standard of review to the agency's conclusions of law. *Muscatell v. Cline*, 474 S.E.2d 518, 525 (W.Va. 1996).

## DISCUSSION

West Virginia Code §21A-6-3(2) establishes guidelines for which an individual seeking unemployment benefits will be disqualified from receiving said benefits based on the individual's termination rising to the level of gross misconduct, including receiving a written warning or any other gross misconduct as defined within the Code. The Code defines, "any other gross misconduct" as any act or acts of misconduct where the individual has received prior written

3

warning that termination of the employment may result from the act or acts. W. Va. Code §21A-6-3(2).

In sworn testimony before the Administrative Law Judge, in the hearing that took place on November 3, 2014, Employer's representative stated that on August 20, 2014, Petitioner's cash register was short a cash amount of $27.87 and thus Petitioner received a written warning which stated another cash variance could lead to his termination. Employer's representative further stated that on September 16, 2014, Petitioner's cash register was again short a cash amount of $23.10 which led to Petitioner's termination shortly thereafter. In Petitioner's sworn testimony, Petitioner admitted that his cash register was short the amounts stated above on the days in question and also admitted that he received a written warning after the first cash register shortage occurred which stated that another offense could constitute termination. Furthermore, in the hearing with the ALJ, Petitioner admitted to violating numerous other work policies established by Employer during his time of employment with Employer.

The Court, having reviewed all pertinent documents, does find as follows: (1) Petitioner admits that he was given an employee manual by Employer which stated that any variance of cash in the register at the end of his shift of more or less than $5.00 could result in a verbal warning, but any variance that exceeded $5.00 could result in a written warning and lead to termination (2) Employer provided the Petitioner with a written warning after the first cash register shortage of more than $5.00 which stated that termination could be possible if another shortage occurred; (3) Employer discovered a second cash register shortage by Petitioner of more than $5.00 less than one month after the written warning for the first offense was given to Petitioner; (4) Petitioner was aware that after he received the initial written warning that a second offense could lead to his termination; (5) Petitioner admits that he violated other provisions established by Employer that

4

Petitioner was expected to follow during his employment; and (6) Petitioner admits that he received a written warning, and the Code includes discussion that states, "any other gross misconduct" includes acts of misconduct where the individual has received prior written warning that termination may result from the act or acts, the issues at hand rise to the level of gross misconduct.

## RULING

After carefully reviewing the facts, the record, the relevant law, and the briefs of the parties, the Court hereby **AFFIRMS** the decision of the Board. Pursuant to W. Va. Code §21A-6-3(2), Petitioner is disqualified from unemployment benefits due to being discharged for gross misconduct, until he has thereafter worked for at least thirty days in covered employment. This case is **DISMISSED** and **STRICKEN** from the docket of the Court.

The clerk of the court shall distribute copies of this Order to all counsel of record:

Workforce West Virginia
Attn: Board of Review
112 California Ave.
Charleston, WV 25305

Matthew A. Jividen, Esq.
Legal Aid of West Virginia
PO Box 6040
Martinsburg, WV 25401

R.& M. Roach & Sons, Inc.
33 E. John Street
Martinsburg, WV 25401

Enter this Order the 12ᵗʰ day of _____May_____, 2016.

_____
Jennifer F. Bailey, Circuit Court Judge for
Kanawha County

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT.
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS 17
DAY OF May 2016
_____ CLERK
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

5