327 S.E.2d 456

**Gary D. BAILEY**

v.

**Phyllis J. RUTLEDGE, Clerk, etc., et al.**

No. 16382.

Supreme Court of Appeals of West Virginia.

March 1, 1985.

John C. Purbaugh, W. Va. Legal Services Plan, Inc., Charleston, for appellant.

NEELY, Chief Justice:

The appellant, Gary D. Bailey, appeals from a final order of the Circuit Court of Kanawha County. He contends that he was improperly denied unemployment compensation benefits by virtue of an erroneous finding that he left his employment voluntarily. For the reasons set forth below, this Court reverses.

In May of 1980 the appellant had been employed by NRM Petroleum Corporation for about three years. During this time Mr. Bailey worked in Pennsylvania, New York, and Ohio, but spent most of his time in West Virginia. On 6 April 1983 the appellant's immediate superior, Mr. Huffman, ordered the appellant to drive a corporation truck to Ohio. Mr. Bailey, who was having trouble with his wife, asked that another employee take on this duty. Mr. Huffman remained obdurate and insisted that the appellant undertake the journey.

The appellant remained adamant that he could not, at that time, travel to Ohio for personal reasons. Thereupon, Mr. Huffman ordered Mr. Bailey to return his truck to the shop and issued an "Employee Termination Notice" that same day stating that the appellant was "Disatisfied with work" and that he "refused to go to Ohio." Although the record indicates that Mr. Bailey had previous confrontations with his superiors, no single incident resulted in any disciplinary action against him. About the most serious allegation against Mr. Bailey was that once he was caught dozing in his rig.

On 10 May 1983 the deputy commissioner of the West Virginia Department of Employment Security, upon Mr. Bailey's application for unemployment compensation, found him eligible for benefits. However, he was indefinitely disqualified from receiving these benefits, since, according to the deputy commissioner, he had left work voluntarily without cause involving fault on the part of the employer.

Mr. Bailey appealed this decision. A subsequent hearing was held before an administrative law judge on 16 June 1983. The administrative law judge affirmed the deputy commissioner's decision and made the following findings on 22 June 1983:

> The reason or necessity for the termination of this employer-employee relationship is the result of the sole decision of the claimant and does not involve any fault on the part of the employer. Consequently, as between claimant and employer, the separation is considered as being the voluntary act of claimant.

> Therefore, it is determined that claimant left work voluntarily without good cause involving any fault on the part of the employer, and is disqualified from benefits in accordance with Chapter 21A, Article (6) Section 3, Paragraph (1) of the West Virginia Unemployment Compensation Laws.

Undeterred, Mr. Bailey appealed *pro se* to the Board of Review of the West Virginia Department of Employment Security. His appeal was heard on 10 November 1983 with the Board adopting the findings and decisions of the Administrative Law Judge entirely. The appellant then appealed *pro se* to the Circuit Court of Kanawha County. On 20 March 1984 the circuit court affirmed and sustained the findings and order of the Board of Review.

## I

The circuit court's affirmation of the administrative law judge's decision is primarily based upon a finding that Mr. Bailey left his job voluntarily without good cause "involving any fault on the part of the employer." But the record is devoid of factual evidence that reflects that on 6 April 1983 Mr. Bailey in fact quit his employment voluntarily. At the hearing of 16 June 1983 the appellant testified: "... they told me that if I didn't want to go out of state to bring my truck to the shop—and he didn't want me to work that day—I asked him if he wanted me to work that day and he said no, bring the truck to the shop." Thus, it does not appear that the appellant at any time was leaving his job voluntarily.

Thus, in this case, the question arises whether refusing a single direct order constitutes a voluntary quit from employment. The circuit court answered this question affirmatively and stated: "To the extent that Mr. Bailey chose to subvert his employer's legitimate demand to his personal needs, his action constituted a voluntary quit, without cause involving fault on the part of the employer."

The circuit court construes Mr. Bailey's single act of misconduct as the legal equivalent of a voluntary quit. However,

there appears to be no statutory authority to justify such construction. On the contrary, it has long been the law in this state that our unemployment compensation laws be liberally construed in favor of the claimant in order to further their remedial purposes. *W. Va. Code* 21A–1–1 [1978]: *Lough v. Cole*, 172 W.Va. 730, 310 S.E.2d 491 (1983); *Gibson v. Rutledge*, 171 W.Va. 164, 298 S.E.2d 137 (1982); *Kirk v. Cole*, 169 W.Va. 520, 288 S.E.2d 547 (1982).

It is clear from the record that the appellant never intended to quit his job. The simple fact that he asked one time to be relieved, for personal reasons, of an out-of-state trip does not suggest that he would have refused any other work for his employer nearer to his home. Mr. Bailey's actions constituted misconduct rather than a voluntary quit.

*W. Va. Code* 21A–6–3 [1984] sets out a six-week disqualification for unemployment compensation benefits where an employee is "discharged from his most recent work for misconduct." The disqualifying period is increased indefinitely if "gross misconduct" is found. Certainly refusing a direct order to perform the job for which an employee is hired is misconduct; however, it is not gross misconduct as defined in *W. Va. Code* 21A–6–3 [1981], nor had prior written warnings been given Mr. Bailey so as to bring his actions within the ambit of "gross misconduct."

Accordingly, we hold that the appellant did not voluntarily quit his employment, but rather that he was discharged for simple misconduct. Therefore, he is disqualified from receiving benefits for six weeks only. Consequently, for the reasons set forth above the judgment of the circuit court is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.