342 S.E.2d 232

**Floyd H. BREWSTER**

v.

**Phyllis J. RUTLEDGE, Clerk, et al. and Sayer Brothers, Inc., Employer.**

**No. 16775.**

Supreme Court of Appeals of
West Virginia.

April 3, 1986.

Pamela Lynn Dalton, Logan, for appellant.

Fred Holroyd, Charleston, for Sayer Bros., Inc.

Jack O. Friedman, Dept. of Employment Sec., Charleston, for appellees.

PER CURIAM:

This is an appeal by Floyd H. Brewster who was disqualified from receiving unemployment compensation benefits on the ground that he quit work voluntarily without good cause involving fault on the part of the employer. W.Va.Code, 21A–6–3(1). For the reasons that follow, we reverse and remand with directions.

The facts as found by the administrative law judge, and adopted by the Board of

Review, indicate the claimant was employed by Sayer Brothers-Super S in the City of Logan from August 24, 1980, until November 1, 1983. He was hired as a night watchman and worked seventy hours per week as a salaried employee averaging $2.25 per hour. During the course of his employment, his pay rate increased to $3.35 per hour, but in February, 1983, his rate of pay was reduced to $2.25 per hour, his original hourly rate of pay. In September, 1983, the employer began requiring the claimant to perform janitorial work as additional job duties.

The claimant testified that in November, 1983, he was telephoned at his home by his employer and asked if he had performed a particular janitorial task on his previous shift. The claimant told the employer that he had not and was advised that from now on this task would be a part of his duties. The claimant testified, just as he said in a statement made at the time of his application for benefits, that this was all he could take and that he was not a slave and was not going to be treated like one.

We conclude the evidence does not support the Board of Review's legal determination that the claimant is disqualified from receiving unemployment compensation benefits under W.Va.Code, 21A–6–3(1). This case is strikingly similar to our decision in *Murray v. Rutledge*, 174 W.Va. 423, 327 S.E.2d 403 (1985), where we held the employee's resignation was justified by a substantial change in her working conditions. In Syllabus Point 2, in part, of *Murray*, we held:

"[S]ubstantial unilateral changes in the terms of employment furnish 'good cause involving fault on the part of the employer' which justify employee termination of employment and preclude disqualification from the receipt of unemployment compensation benefits."

In *Murray*, the claimant after having been employed as a full-time restaurant manager for a few months was required, in addition to her managerial duties, to work in the kitchen. The result of this change was a significant increase in the claimant's duties and working hours with no increase in compensation. After reviewing similar cases from many other jurisdictions, we concluded that a substantial unilateral change in the terms and conditions of employment can constitute "good cause" under W.Va.Code, 21A–6–3(1), justifying resignation from employment.

Here, as in *Murray*, the claimant's occupational duties were increased without any accompanying increase in remuneration. In addition, the claimant's wages for an average seventy-hour workweek had already been substantially reduced. The claimant testified that at the time his wages were reduced he was told his wage reduction might be temporary. He requested the employer to lay him off work, but the employer refused on the basis that his services were needed. He was sixty-one years of age, needed a job, and believed he had little, if any, real economic alternative but to continue working, since his employer had refused to lay him off. The fact that he continued working after his wages were reduced is not dispositive of the legal issue.

Furthermore, in *Ross v. Rutledge*, 175 W.Va. 701, 338 S.E.2d 178 (1985), we held that an employer's decision to move a plant to another location could constitute a substantial unilateral change in the conditions of employment furnishing good cause for quitting employment, where the claimant could demonstrate that transportation problems or other hardships created compelling reasons to cease employment. Contrary to the legal conclusion reached by the Board of Review, *Ross* clearly illustrates that the absence of "fault on the part of employer" does not necessarily mean that the employee cannot establish "good cause" for quitting.

We have also long recognized that "[u]nemployment compensation statutes, being remedial in nature, should be liberally construed to achieve the benign purposes intended to the full extent thereof." Syllabus Point 6, *Davis v. Hix*, 140 W.Va. 398, 84 S.E.2d 404 (1954); *Bailey v. Rutledge*, 174 W.Va. 476, 327 S.E.2d 456 (1985); *Perfin v. Cole*, 174 W.Va. 417, 327 S.E.2d 396

(1985). We do not believe our decision in this case is contrary to legislative intent.

Given the totality of the circumstances, we conclude as a matter of law that the claimant did not quit his work "voluntarily without good cause involving fault on the part of the employer" within the meaning of W.Va.Code, 21A–6–3(1). While we recognize the findings of fact by the Board of Review should not be set aside unless plainly wrong, the plainly wrong doctrine has no application to conclusions of law. Syllabus Point 1 of *Kisamore v. Rutledge,* 166 W.Va. 675, 276 S.E.2d 821 (1981), states, in part: "[T]he plainly wrong doctrine does not apply to conclusions of law by the Board of Review." *See Cumberland & Allegheny Gas Co. v. Hatcher,* 147 W.Va. 630, 130 S.E.2d 115 (1963), *overruled, in part, on other grounds, Lee-Norse Co. v. Rutledge,* 170 W.Va. 162, 291 S.E.2d 477 (1982).

Accordingly, we reverse the judgment of the Circuit Court of Kanawha County affirming the final order of the Board of Review, and we remand the case to the Commissioner of the Department of Employment Security with instructions to enter an order awarding the claimant unemployment compensation benefits as provided for by law.

Reversed and Remanded, With Directions.