354 S.E.2d 619

**Larry HUNT**

v.

**Phyllis J. RUTLEDGE, etc., et al. and Sundale Nursing Home.**

No. 17162.

Supreme Court of Appeals of West Virginia.

March 3, 1987.

---

**524**

Mary A. Kenny, Joan A. Mooney, No. Central W.Va. Legal Aid Soc., Morgantown, for appellant.

Jack O. Friedman, Chief Counsel, W.Va. Dept. of Employment Sec., Charleston, for appellee.

PER CURIAM.

This appeal, by way of certiorari, is taken from a final order of the Circuit Court of Kanawha County, entered on January 29, 1986, which affirmed a decision of the West Virginia Department of Employment Security indefinitely disqualifying the claimant, Larry Hunt, from receiving unemployment compensation benefits. The claimant contends that the circuit court committed error in affirming the decision of the Department of Employment Security which held that the claimant left his last work voluntarily without good cause involving fault on the part of the employer. We agree with the arguments of the claimant.

The facts as found by the administrative law judge, and adopted by the Board of Review, indicate the claimant was hired by the Sundale Nursing Home in the City of Morgantown as an orderly. He worked for a number of years as an orderly until the employer phased out this position and advised the claimant that he would be working as a nursing assistant. The new position involved taking the temperatures of patients, pulses, respirations, and helping the patients with their activities, which were duties not expected of orderlies. About a week before the date he left work, the claimant told his supervisor he could not handle the increased duties arising from the patient care assignments as they were beyond his skills. At that time, the claimant's supervisor advised the claimant that if he refused to accept patient care duties, he could be terminated and on March 18, 1985, the claimant refused a patient care assignment and left.

The claimant testified that his job description had changed since he was hired in 1975. As an orderly, his duties had included mostly lifting and related work with little to do with the actual health care of the patients. As a nursing assistant, he was expected to take care of female patients and to take temperatures, pulses, respirations, and to give bed baths, for which he had no training. The claimant had completed the ninth grade of formal schooling in special education. The claimant also had a hearing problem. The claimant's wife testified as to his limited schooling and hearing problem. It is not disputed that the nursing assistant position did not carry an increase in pay.

We conclude the evidence does not support the Board of Review's legal determination that the claimant is disqualified from receiving unemployment compensation benefits. The claimant declined to carry out an order to perform a patient care assignment largely because of a change in his job assignment from that of an orderly to that of a nursing assistant. There is no evidence that the employer ever attempted to train the claimant for this new role. Essentially, there had been a unilateral change in the terms of his employment. In Syllabus Point 2 of *Murray v. Rutledge*, 174 W.Va. 423, 327 S.E.2d 403 (1983), we stated as follows:

> "Misrepresentations concerning the terms of employment or substantial uni-

lateral changes in the terms of employment furnish 'good cause involving fault on the part of the employer' which justify employee termination of employment and preclude disqualification from the receipt of unemployment compensation benefits."

In *Murray*, the claimant after having been employed as a fulltime restaurant manager for a few months was required, in addition to her managerial duties, to work in the kitchen. The result of this change was a significant increase in the claimant's duties and working hours with no increase in compensation. After reviewing similar cases from many other jurisdictions, we concluded that a substantial unilateral change in the terms and conditions of employment can constitute "good cause" under W.Va.Code, 21A–6–3(1), justifying resignation from employment. Here, as in *Murray*, the claimant's occupational duties were elevated into areas where he did not have any training or expertise.

We have traditionally recognized that "[u]nemployment compensation statutes, being remedial in nature, should be liberally construed to achieve the benign purposes intended to the full extent thereof."

Syllabus Point 6, *Davis v. Hix*, 140 W.Va. 398, 84 S.E.2d 404 (1954); *Bailey v. Rutledge*, 174 W.Va. 476, 327 S.E.2d 456 (1985); *Perfin v. Cole*, 174 W.Va. 417, 327 S.E.2d 396 (1985). Given the totality of the circumstances, we conclude as a matter of law that the claimant did not quit his work "voluntarily without good cause involving fault on the part of the employer" within the meaning of W.Va.Code, 21A–6–3(1).

Accordingly, we reverse the judgment of the Circuit Court of Kanawha County affirming the final order of the Board of Review, and we remand the case to the Commissioner of the Department of Employment Security with instructions to enter an order awarding the claimant unemployment compensation benefits as provided for by law.

Reversed and Remanded, With Directions.