351 S.E.2d 419

**David A. COURTNEY**

v.

**Phyllis J. RUTLEDGE, etc., et al.**

**No. 17052.**

Supreme Court of Appeals of West Virginia.

Dec. 9, 1986.

Richard L. Withers, Hickok, Withers & Zerbe, Charleston, for appellant.

Larry Blalock, Charles M. Surber, Jr., and Albert F. Sebok, Jackson, Kelly, Holt & O'Farrell, Jack O. Friedman, W.Va. Dept. of Employment Sec., Charleston, for appellee.

PER CURIAM:

This is an appeal by way of certiorari[1] from a final order of the Circuit Court of Kanawha County which affirmed the decision of the Board of Review of the West Virginia Department of Employment Security indefinitely disqualifying the appellant, David Courtney, from receiving unemployment compensation benefits based upon a determination that he was discharged from his employment for gross misconduct.

The facts of the case show that the appellant began working at Union Carbide Corporation on February 16, 1970. He was employed as a laborer and production operator until October of 1972 when he obtained other employment. He returned to Union Carbide on October 22, 1973 as an operating technician and worked until he was discharged on January 28, 1983. The precipitating incident behind appellant's discharge occurred on January 10, 1983, when he was assigned to work on the Phosphates Pesticides Project. The appellant's assignment was to operate a pump and feed material into a reactor at a certain rate and although there is a dispute about what caused it to happen, the material was fed much too quickly. The material was to be fed at the rate of one pound per minute and it is undisputed that actually 61.9 pounds of material went into the vat within ten to fifteen minutes.

At a hearing before an Administrative Law Judge, Union Carbide presented evidence that the appellant was given both verbal and written instructions about how to feed the material and the appellant admitted that he was told to feed the material at a slow rate by his supervisor, Glen Graham and was given a wrist watch to use as

---

1. *W.Va.Code,* 21A–7–27 [1970] provides that in unemployment compensation cases an appeal from a decision of the Circuit Court of Kanawha County may be taken to this Court by petition for writ of certiorari.

a timer. He denied, however, that he was even given written instructions on how to feed the material and testified that he was told only to maintain the temperature of the material in the vat and to keep a certain pump setting. The appellant's explanation for the misfeeding of the material was that a faulty check valve had stuck in an open position and allowed the material to siphon through without the use of the pump which normally would control the flow rate. The appellant was discharged on January 28, 1983 in a letter that indicated the following reasons for his dismissal: unwillingness to perform work assignments in a satisfactory manner; failure to cooperate with supervision and technical clients; disruptive behavior toward co-workers; failure to follow directions as well as written and verbal instructions; and poor attitude about Union Carbide policies and work rules.

After his discharge, the appellant applied for unemployment compensation with the West Virginia Department of Employment Security. On March 21, 1983, the Deputy found that the appellant had been discharged "but not for misconduct" thereby making him eligible and not disqualified from receiving benefits.

Union Carbide appealed the Deputy's decision and evidentiary hearings were held. Following the hearings, the Administrative Law Judge reversed the Deputy's decision and found the appellant eligible for benefits but disqualified because he was discharged for gross misconduct, *i.e.*, the appellant was discharged for feeding the material into the vat too quickly and disregarding the employer's instructions: "Therefore, since this was of a violation of the responsibility of the claimant, for which he had been warned on other occasions, this would amount to misconduct ... and since he had been warned in writing prior to this incident that termination may result as a result of such continued disregard of his employer's instructions, would constitute gross misconduct."

The appellant appealed to the Board of Review. The Board adopted the ALJ's findings in their entirety and affirmed.

The appellant then appealed to the Circuit Court of Kanawha County, and by final order dated April 3, 1985, the court affirmed the decision of the Board of Review. Following the entry of the lower court's decision affirming his disqualification, the appellant filed this appeal.

The purpose of the Unemployment Compensation Law is to "provide reasonable and effective means for the promotion of social and economic security by reducing as far as practicable the hazards of unemployment." *W.Va. Code,* 21A-1-1 [1978].

And it is well settled that the Act should be liberally construed in order to further its remedial purposes. *Davis v. Hix,* 140 W.Va. 398, 84 S.E.2d 404 (1954).

The liability to pay and the right to receive unemployment compensation benefits rests upon the Unemployment Compensation Act. And such Act, being remedial in nature, its beneficent provisions should be liberally applied. *Bennett v. Hix,* 139 W.Va. 75 at 83, 79 S.E.2d 114 at 118 (1953).

The appellant in this case was indefinitely disqualified from receiving benefits under *W.Va. Code,* 21A-6-3(2) [1984] which states in pertinent part:

If he were discharged from his most recent work for one of the following ... reasons: Misconduct consisting of willful destruction of his employer's property; assault upon the person of his employer or any employee of his employer; if such assault is committed at such individual's place of employment or in the course of employment; reporting to work in an intoxicated condition, or being intoxicated while at work; arson, theft, larceny, fraud or embezzlement in connection with his work; or any other gross misconduct; he shall be and remain disqualified for benefits until he has thereafter worked for at least thirty days in covered employment: *Provided, that for the purpose of this subdivision the words "any other gross misconduct" shall include, but not be limited to, any act or acts of misconduct where the individual has received prior written warning that termination of employment may*

*result from such act or acts.* (Emphasis supplied.)

The first question before us is whether the appellant was discharged for gross misconduct so that the circuit court was correct in finding that he is indefinitely disqualified from receiving unemployment compensation benefits. The ALJ found that the appellant was discharged for gross misconduct because he had received prior written warning that continued disregard of the employer's instructions would result in the termination of his job,[2] thus elevating an act of misconduct to gross misconduct, triggering full disqualification for unemployment compensation.

The appellant's employment record during his tenure at Union Carbide was inconsistent. There are letters in the record that indicate that the appellant displayed a poor attitude toward his work, *e.g.,* leaving the job site without permission, assaulting a fellow employee, and failing to wear safety glasses. He was also given several verbal warnings about being late to work.

In addition, the appellant received a marginal rating on his performance evaluation in 1980 due principally to his "inconsistency of performance" and lack of cooperation (leaving the job site, ignoring instructions of his supervisors and creating disturbances among his co-workers). However, he received a competent rating on the quality of his work, safety record, independence, and resourcefulness, and a superior rating on his ability to perform varied assignments and job knowledge. There were also letters introduced during the hearings indicating that the appellant's work was "outstanding" and that he was an eager and able worker. The appellant was placed on a 60–day probationary period in 1981 because of his marginal rating on the performance evaluation and told to improve his performance if he wished to retain his job.

There is nothing in the record to indicate that the appellant was given "prior written warning" that a mistake during a technical project would result in termination of his employment although he was told on numerous occasions, in writing, that certain other behavior would do so. The only other incident in the appellant's employment record regarding a technical problem occurred in January of 1980 when the appellant failed to follow all instructions and caused a problem with a reactor. There is no written letter of warning in the record on this incident.

■ After reviewing the evidence and rather lengthy record in this case, we conclude that the appellant did not receive prior written warning that misfeeding a chemical would result in his termination and the Board of Review's holding to the contrary as a matter of law is in error. "Findings of fact by the Board of Review of the West Virginia Department of Employment Security, in an unemployment compensation case, should not be set aside unless such findings are plainly wrong; however, the plainly wrong doctrine does not apply to conclusions of law by the Board of Review." Syl. pt. 1, *Kisamore v. Rutledge,* 166 W.Va. 675, 276 S.E.2d 821 (1981).

■ The appellant, however, argues that he is not guilty of even simple misconduct. This Court has defined misconduct in part as:

> conduct evincing such willful and wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. *Kirk v. Cole,* 169 W.Va. 520, 288 S.E.2d 547, 549 (1982).

The Administrative Law Judge found that the appellant's misfeeding of the material

---

**2.** The Administrative Law Judge found that the appellant's misfeeding of the material was, in itself, simple misconduct because the appellant did not follow the employer's instructions and violated his responsibility to the company.

constituted misconduct and this finding is clearly supported by the record under the above definition.

Accordingly, the judgment of the Circuit Court of Kanawha County is reversed and the case is remanded to the Board of Review with directions to find the claimant discharged for simple misconduct which carries a six-week disqualification under *W.Va. Code,* 21A-6-3(2) [1984].

Reversed and remanded.