381 S.E.2d 380

**Thomas J. FOSTER**

v.

**Cathy GATSON, Clerk; The Board of Review of the West Virginia Department of Employment Security; and Genuine Parts Co.**

**No. 18648.**

Supreme Court of Appeals of West Virginia.

June 9, 1989.

Ronald A. Shipley, Charleston, for Thomas J. Foster.

PER CURIAM:

Pursuant to *W.Va.Code*, 21A–7–27 [1970], this case is before the Court upon a writ of certiorari, to review a final order of the Circuit Court of Kanawha County, which affirmed the final decision of the Board of Review of the West Virginia Department of Employment Security. The Board of Review found that the petitioner, Thomas J. Foster, was discharged from his job because he was "merely negligent and careless," therefore, he was disqualified from receiving unemployment benefits for the six-week period provided in *W.Va.Code*, 21A–6–3(2) [1988] due to "simple" misconduct.[1] Since we have previously held that ordinary negligence or good faith errors in judgment will not act as a forfeiture of unemployment benefits, we reverse as a misapplication of the law. *Kirk v. Cole*, 169 W.Va. 520, 288 S.E.2d 547 (1982).

Petitioner worked as a nighttime truck driver for Genuine Parts Company for the past fourteen years. The West Virginia Department of Public Safety had never is-

---

1. *W.Va.Code*, 21A–6–3(2) [1988] mentions "gross" misconduct and "misconduct." "Gross misconduct," is defined in the statute and indeterminately disqualifies the applicant. "Misconduct" is not defined in the statute and disqualifies the applicant for a six-week period. *See* note 1, *Peery v. Rutledge*, 177 W.Va. 548, 550, 355 S.E.2d 41, 43 (1987). "Misconduct," which disqualifies an applicant for the six-week period, was defined by the Court in *Kirk v. Cole*, 169 W.Va. 520, 288 S.E.2d 547 (1982).

sued him any citations for any type of traffic violation for the last seven years. However, while driving the employer's 20-foot truck on a mountain road, in the rain, the petitioner had an accident and was cited by the Department of Public Safety as the "at fault" driver. All parties agree the mountainous route was new for the petitioner, who was unaware that a passing lane abruptly ended. The employer estimated the damage to his truck, a six-inch scratch, to be $700. He estimated the damage to the other vehicle, a mirror, turn signal and broken glass, to be $2,000. The employer terminated the petitioner for excessive "accidents." [2]

When the petitioner applied for unemployment benefits the Deputy Commissioner found him eligible, but disqualified him for "gross" misconduct. *See W.Va.Code*, 21A–6–3(2) [1988].

Petitioner appealed, and after additional evidence was taken concerning the road conditions on both the date of the accident, and the date of a prior collision (see note 2, *supra*), the administrative law judge reversed the decision of the Deputy Commissioner. The administrative law judge found that the accidents were "simple misconduct, as it would appear that the claimant was merely negligent and careless." Therefore, the administrative law judge concluded that rather than indefinite disqualification from benefits due to "gross" misconduct, the petitioner was disqualified for six weeks due to "simple" misconduct.

■ The decision of the administrative law judge was adopted by the Board of Review and affirmed by the Circuit Court of Kanawha County.

'Findings of fact by the Board of Review of the West Virginia Department of Employment Security, in an unemployment compensation case, should not be set aside unless such findings are plainly wrong; however, the plainly wrong doctrine does not apply to conclusions of law by the Board of Review.' Syl. pt. 1, *Kisamore v. Rutledge*, 166 W.Va. 675, 276 S.E.2d 821 (1981).

Syllabus, *Courtney v. Rutledge*, 177 W.Va. 232, 351 S.E.2d 419 (1986).

■ In *Kirk v. Cole*, 169 W.Va. 520, 288 S.E.2d 547 (1982), we defined the type of misconduct which disqualifies an applicant for the six-week period pursuant to *Code*, 21A–6–3(2). In doing so, we adopted the definition of misconduct used by the Michigan court in *Carter v. Michigan Employment Security Commission*, 364 Mich. 538, 111 N.W.2d 817 (1961) and concluded that an applicant could not be disqualified for the six-week period due to negligence unless it was:

'carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.... mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.'

*Kirk, supra*, 169 W.Va. at 524, 288 S.E.2d at 549.

We later noted in *Peery v. Rutledge*, 177 W.Va. 548, 551, 355 S.E.2d 41, 44 (1987): "The term 'misconduct' should be construed in a manner most favorable to not working a forfeiture. The penal character of the provision should be minimized by excluding cases not clearly intended to be within the exception denying unemployment compensation benefits." (citation omitted)

---

**2.** The employer listed five "costly events" occurring between January and April 11, 1986, which resulted in termination: two tow bills, totalling $128.50, the loss of 40 gallons of fuel when the "nozzle came out of tank"; collision into a loading dock, $479; and the last accident on the mountain.

Both parties agreed that there were five inches of snow when the truck collided into the loading dock. Further, parking at the loading dock requires a 90° turn on a steep hill. Both parties also agree that the employer had refused the petitioner's repeated requests for snow tires. The employer provided tire chains but did not require their use.

After finding that the petitioner was "merely negligent and careless" the Board misapplied the law when it held that such conduct caused a forfeiture of benefits for the statutory period. There was no finding that the "merely negligent" acts manifested culpability, wrongful intent, evil design, or intentional and substantial disregard. *See Jacquet v. Consolidated Companies, Inc.*, 499 So.2d 1002 (La.App. 3rd Cir.1986) (two auto accidents in a six-month period causing $37,000 damage to the employer's property is not misconduct as a matter of law because accidents were due to "mere negligence"); *Dixie Insurance Co. v. Lewis*, 484 So.2d 89 (Fla.App. 2nd Dist.1986) (bus driver involved in "several" accidents, including violation of a traffic signal, entitled to benefits since the accidents were "negligent and careless" but not of such a degree or recurrence as to manifest culpability, wrongful intent or evil design).

Based upon the foregoing, the final order of the Circuit Court of Kanawha County with respect to disqualification for the six-week period is reversed, and the case is remanded to the Board of Review for entry of an order in accordance herewith, as required by *W.Va.Code*, 21A–7–28 [1936].

Reversed and remanded with directions.