IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**September 30, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**PRESTERA CENTER FOR MENTAL HEALTH,**
**Employer Below, Petitioner**

**v.) No. 25-ICA-87**        (WorkForce W. Va. Bd. of Rev. Case No. R-2024-2849)

**MORGAN N. LUTZ,**
**Claimant Below, Respondent**

**and**

**SCOTT A. ADKINS, in his official capacity as Acting Commissioner of WorkForce West Virginia, Respondent**

## MEMORANDUM DECISION

Petitioner Prestera Center for Mental Health ("Prestera") appeals the February 6, 2025, decision of the WorkForce West Virginia Board of Review ("Board"), which affirmed the decision of the administrative law judge ("ALJ") and found Morgan N. Lutz was discharged for an act of simple misconduct. Respondent Scott A. Adkins, in his official capacity as Acting Commissioner of WorkForce West Virginia ("WorkForce"), filed a response, and Prestera filed a reply.[1] Ms. Lutz did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For the reasons set forth below, a memorandum decision affirming the Board's decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Ms. Lutz was employed by Prestera, a behavioral health care provider, as a behavioral support professional from January 13, 2020, to October 30, 2024, when she was terminated for unprofessional behavior towards her supervisor. Ms. Lutz then filed a claim for unemployment compensation benefits. On November 20, 2024, a WorkForce claims deputy found Ms. Lutz committed simple misconduct because she failed to comply with company policy. Prestera appealed the deputy's decision to an ALJ. On December 16,

---

[1] Prestera is represented by Scott K. Sheets, Esq. WorkForce is represented by Kimberly A. Levy, Esq.

2024, the ALJ held a telephonic hearing where Cynthia Dorsey, Prestera's human resources manager, Amanda Adkins, Prestera's director of the intellectual and developmental disability department and Ms. Lutz's former supervisor, and Craig Zappin, the chief operating officer for Prestera, appeared and testified. Ms. Lutz did not appear.

Mr. Zappin testified that Ms. Lutz received a prior written warning on December 22, 2023, which stated Prestera received a complaint from an outside agency that Ms. Lutz was witnessed yelling and acting unprofessionally to a guardian and that she was rude and unprofessional with individuals from the outside agency during a work meeting. The warning further stated that a consumer complained that Ms. Lutz was also "snippy" and ignored his calls. It appears these events occurred on the same day. This prior written warning was admitted into evidence and stated Ms. Lutz was advised that additional "instances" may result in disciplinary action or termination. The warning also noted that a conversation with Ms. Lutz would occur regarding "professionalism with outside agencies as well as with guardians and consumers in general."

Ms. Adkins testified about the events leading to Ms. Lutz's termination. Ms. Adkins stated she approached Ms. Lutz around 7:45 a.m. on October 25, 2024, to discuss workloads in the office because Ms. Lutz had stated she felt overwhelmed. During the discussion, Ms. Lutz was very aggressive, yelled at Ms. Adkins, and "got in her face." Ms. Lutz was given an opportunity to calm down, but she continued to escalate the confrontation, used foul language, and threw bags of Halloween candy. Ms. Adkins advised Ms. Lutz to leave for the day because she was so disrespectful, and Ms. Lutz stormed out of the building and slammed the doors. As a result of this incident, Ms. Lutz was terminated on October 30, 2025, in person and via a letter.

On December 23, 2024, the ALJ issued a written decision that affirmed the deputy's decision and found Ms. Lutz had committed simple misconduct because she spoke unprofessionally to her supervisor and demonstrated a disregard for the employer's interests and/or a violation of the employer's rules regarding standards of behavior. The ALJ held that Prestera failed to present evidence to show that Ms. Lutz committed gross misconduct. The ALJ acknowledged the prior written warning issued to Ms. Lutz in December of 2023 but found that this incident was not the same type of act as the October 25, 2024, incident. According to the ALJ's decision, the December 2023 warning only notified Ms. Lutz that unprofessional behavior towards outside individuals or outside agencies could result in termination. In contrast, on October 25, 2024, Ms. Lutz acted unprofessionally with a supervisor. The ALJ also noted that the neither the December 27, 2023, warning nor the October 30, 2024, termination letter mentioned a workplace policy. As a result, the ALJ held that this prior written warning did not meet the requirements of West Virginia Code § 21A-6-3(2) (2025). Prestera then timely appealed the ALJ's decision to the Board. On February 6, 2025, the Board adopted the findings of the ALJ and affirmed the decision that Ms. Lutz committed simple misconduct. It is from this order that Prestera now appeals.

In this appeal, our standard of review is as follows:

> The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994).

On appeal, Prestera asserts one assignment of error and argues the Board was clearly wrong when it found Ms. Lutz was discharged for simple misconduct because she was issued a prior written warning that stated further unprofessional behavior would warrant her termination. We disagree. In Syl. Pt. 4, *Dailey v. Bd. of Rev., W. Va. Bureau of Emp. Programs*, 214 W. Va. 419, 589 S.E.2d 797 (2003), the Supreme Court of Appeals of West Virginia ("SCAWV") defined gross misconduct as follows:

> For purposes of determining the level of disqualification for unemployment compensation benefits under West Virginia Code § 21A–6–3, an act of misconduct shall be considered gross misconduct where the underlying misconduct consists of (1) willful destruction of the employer's property; (2) assault upon the employer or another employee in certain circumstances; (3) certain instances of use of alcohol or controlled substances as delineated in West Virginia Code § 21A–6–3; (4) arson, theft, larceny, fraud, or embezzlement in connection with employment; or (5) any other gross misconduct which shall include but not be limited to instances where the employee has received prior written notice that his continued acts of misconduct may result in termination of employment.

The SCAWV has further stated that "[u]nemployment compensation statutes, being remedial in nature, should be liberally construed to achieve the benign purposes intended to the full extent thereof" and "should be liberally construed in favor of the claimant[.]" *Dailey*, 214 W. Va. at 422, 589 S.E.2d at 800 (citations omitted).

In this case, Prestera issued a written warning to Ms. Lutz in December of 2023 that detailed how she had acted unprofessionally with a guardian, consumer, and outside agency and stated that any further instances "may result in further disciplinary action up to and including termination." However, this December 2023 incident resulting in the written warning involved Ms. Lutz speaking unprofessionally to a guardian, consumer, and outside agency in violation of workplace policy, while the October 2024 incident leading to her termination involved her speaking unprofessionally to her supervisor. The Board found that the December 2023 written warning was specific to the conduct at issue involving a guardian, consumer, and outside agency, and, as a result, did not address the same type of conduct. Thus, it does not constitute a prior written warning under West Virginia Code §

21A-6-3(2) because Ms. Lutz was not warned that speaking unprofessionally to her supervisor would lead to her termination. *See Courtney v. Rutledge*, 177 W. Va. 232, 235, 351 S.E.2d 419, 422 (1986) ("There is nothing in the record to indicate that the appellant was given 'prior written warning' that a mistake during a technical project would result in termination of his employment although he was told on numerous occasions, in writing, that certain other behavior would do so."). Here, the Board found that the prior written warning to Ms. Lutz was specifically geared towards behavior outside the agency. Further, the determination of whether the December 2023 and October 2024 incidents were similar is a factual finding that is entitled to substantial deference. *See Adkins*, 192 W. Va. 561, 453 S.E.2d 395, syl. pt. 3. As a result, we cannot say that the Board was clearly erroneous when it determined that Ms. Lutz committed simple, not gross, misconduct.

Accordingly, we affirm the Board's February 6, 2025, decision.

Affirmed.

**ISSUED:** September 30, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White