412 S.E.2d 249

The MERCER COUNTY BOARD
OF EDUCATION, Appellee
Below, Petitioner,

v.

Honorable Cathy S. GATSON, Clerk of the Circuit Court of Kanawha County; the Board of Review of the West Virginia Department of Employment Security; Richard E. Tyson, as Chairman Thereof; C.C. Elmore, Jr. and John K. Chase, Jr., as Members Thereof; Adna I. Thomas, as Commissioner of the West Virginia Department of Employment Security; and Billy J. Morefield and Joe Meuwissen, Appellants Below, Respondents.

No. 20215.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 1, 1991.

Decided Dec. 6, 1991.

Kathryn Reed Bayless, Princeton, for petitioner.

J.W. Barringer, Stone, McGhee, Feuchtenberger & Barringer, Bluefield, for respondents, Morefield and Meuwissen.

PER CURIAM:

By an order entered on February 26, 1991, the Circuit Court of Kanawha County reversed a decision of the West Virginia Department of Employment Security relating to the eligibility of two individuals, Billy J. Morefield and Joseph Meuwissen, to receive unemployment compensation benefits and ruled that they were eligible to receive benefits. The Department of Employment Security and Board of Review of that department had found that both Mr. Morefield and Mr. Meuwissen were ineligible to receive benefits from July 29, 1984, because they were not available for full time work for which they were fitted by prior training or experience. In the present appeal, the Mercer County Board of Education, Mr. Morefield and Mr. Meuwissen's former employer, contends that the circuit court erred in reversing a ruling of the Department of Employment Security. After reviewing the record, this Court disagrees and affirms the judgment of the Circuit Court of Kanawha County.

Billy J. Morefield and Joseph Meuwissen, the claimants in this employment security case, worked for the Mercer County Board of Education as school psychologists until they were terminated effective June 30, 1984. They were terminated because the Board of Education made a determination that it would be more cost effective to obtain psychological services of the type provided by Mr. Morefield and Mr. Meuwissen on a private contract basis rather than on an in-house basis.

Subsequent to losing their jobs, Morefield and Meuwissen applied for unemployment compensation benefits, and the Department of Employment Security found that they were entitled to the benefits beginning in July, 1984. The employer, the Mercer County Board of Education, on February 28, 1985, protested the award. The Board of Education claimed that Mr. Morefield and Mr. Meuwissen had failed to apply for available suitable work and that both had failed to accept suitable work when offered.*

The Deputy Commissioner of the Department of Employment Security denied the Board of Education's protest, and as a consequence, hearings were conducted on the issues before an administrative law judge in May, July, August, and October, 1985.

At the conclusion of the hearings, the administrative law judge found that both Mr. Morefield and Mr. Meuwissen were ineligible for the receipt of benefits from July 29, 1984, forward because they were not available for full time work for which they were fitted by prior training or experience. This finding was premised upon the failure of Morefield and Meuwissen to seek employment and make job contacts with employers offering employment in their area of work. The administrative law judge further found that claimant Morefield had refused to accept offers of employment beginning in July, 1984. Both offers had been made by the former employer, the Mercer County Board of Edu-

---

* Initially there was a claim that Mr. Meuwissen was unavailable for work because he had enrolled for a graduate education course. Later evidence tended to show that the graduate work was part time and was at the same level he had maintained while fully employed. Under the circumstances, the enrollment was not a factor impacting on his availability for work.

cation. The first was for a permanent substitute position in Mercer County schools in the learning disability area; and the second was an offer for a principal internship position in the schools. The administrative law judge also found that both types of employment constituted suitable offers for work and that Mr. Morefield had failed to show good cause for his failure to accept those positions.

Mr. Morefield and Mr. Meuwissen appealed the determination that they were ineligible to the Board of Review of the Department of Employment Security, and the Board of Review affirmed the administrative law judge's findings. Mr. Morefield and Mr. Meuwissen then appealed to the Circuit Court of Kanawha County. By order entered February 26, 1991, the circuit court reversed the Board of Review's decision and essentially found that the Board of Review was plainly wrong in its findings of fact and that it had incorrectly decided the questions of law.

In the present proceeding, the Board of Education argues that the Board of Review was not plainly wrong in making its findings of fact and that it did not err in applying the law to the facts of the case when it ruled that the claimants were ineligible for benefits due to their unavailability for full time work.

The controversy in this case centers around two factual questions. The first is whether claimants Morefield and Meuwissen made reasonable attempts to obtain employment with two private agencies which had openings for psychologists in the claimants' area of employment. A subquestion related to this is whether the claimants' failure to make reasonable attempt to obtain such employment constituted a fact rendering them ineligible to receive unemployment compensation benefits, provided such employment was available. The second factual question is whether claimant Morefield's refusal to accept two positions offered to him by the Board of Education of Mercer County rendered him ineligible to obtain unemployment compensation benefits.

The evidence adduced during the hearings in this case showed that the opportunities for psychologists with the claimants' qualifications were limited to private practice or employment with two agencies, the Southern Highland Mental Health Center and the Southern West Virginia Regional Health Council. In addition, there were some teaching positions available at three area colleges which apparently were not really comparable to the claimants' prior work. As previously indicated, the first factual question in this case is whether the claimants made reasonable attempts to obtain employment with these employers.

Claimant Meuwissen, during the hearings in this case, testified that he applied by mail to the Southern West Virginia Regional Health Council for an opening in that agency. He further testified that he did not receive a response to his application and that he assumed that the agency was not interested in his services. Additional testimony from Patrick Farley, the director of psychological services of the other private employer, the Southern Highland Community Mental Health Center, indicated that dissention had arisen over the dismissal of school psychologists by the Mercer County Board of Education and the fact that the Mental Health Center was now providing the same services to the Board. He, therefore, believed that it was in its best interest to hire persons outside of the immediate area to fill the openings which it had available. Mr. Farley stated that his agency had directly contacted thirty-seven West Virginia psychologists and seventy-one Virginia school psychologists about the positions which it had available and had requested referrals, but that the agency had not contacted Mr. Morefield and Mr. Meuwissen.

In the present proceeding, Mr. Morefield and Mr. Meuwissen take the position, as they did before the circuit court, that the fact that claimant Morefield did not receive a response to his application to the Southern West Virginia Regional Health Council, as well as the fact that the Southern Highland Community Mental Health Center was not interested in hiring individuals who had been embroiled in the controversy arising

from the school board's dismissal of its psychologists, show that there was not a reasonable opportunity for them to have been employed with these agencies. They further point out that the evidence adduced showed that any positions at the Southern Highland Community Mental Health Center would not be on a regular employment basis with fringe benefits and a set salary. Rather, it was to involve a type of contract arrangement, and they argue that even if they had been offered such positions, the offers would not have been offers of appropriate comparable work.

In addressing the question of whether the claimants were ineligible for unemployment compensation benefits because of their refusal to take or seek positions with these two private employers constituted a showing that they were unavailable for employment, the circuit court concluded that it did not. The court said the Board of Education:

> Cannot fire full time employees with benefits, practicing within the scope of their certification, and then prevent them from receiving unemployment benefits for refusing essentially the same job, without benefits, and with a decreased salary and a questionable legal status. The purpose of these statutes are remedial in nature and are to assist the claimant while he finds "substantially equivalent employment."

The next factual question during the proceedings below was whether Mr. Morefield rendered himself unavailable for employment when he refused two positions offered to him by the board of education. The positions offered were that of a permanent substitute teacher and that of a principal intern. The circuit court found that the offer of substitute teacher employment did not constitute an offer of regular employment, given the fact that being placed on a substitute list does not mean that an employee will necessarily work at all. He would actually have worked only if a substitute position was available. The court further found that acceptance of the intern position would have required claimant Morefield to enroll in a doctoral program. The court, in effect, found that it was not

an offer of employment substantially equivalent to that which the claimant had previously held.

■ This Court has indicated that unemployment compensation statutes should be liberally construed to insure that unemployed claimant receive benefits the fullest extent possible. *Davis v. Hix,* 140 W.Va. 398, 84 S.E.2d 404 (1954). The exact rule, as stated in syllabus point 6 of *Hix,* provides: "Unemployment compensation statutes, being remedial in nature, should be liberally construed to achieve the benign purposes intended to the full extent thereof."

In spite of this, even an eligible claimant may be disqualified from receiving unemployment compensation benefits for a number of causes specified in *W. Va. Code,* 21A–6–3. Among the causes, *W. Va. Code,* 21A–6–3(3), provides for disqualification of a claimant:

> For the week in which he failed without good cause to apply for available, suitable work, accept suitable work when offered, or return to his customary self-employment when directed to do so by the commissioner, and for the four weeks which immediately follow for such additional period as any offer of suitable work shall continue open for his acceptance. Such disqualification shall carry a reduction in the maximum benefit amount equal to four times the individual's weekly benefit amount.

Rather clearly, before a claimant is disqualified under this statutory provision, which apparently formed the Board of Employment Security's and Board of Review's rulings disqualifying Mr. Morefield and Mr. Meuwissen, not only must a claimant fail to apply (or accept) available work, but the work must be "suitable." *West Virginia Code,* 21A–6–6, speaks to what constitutes "suitability:"

> Notwithstanding any other provisions of this chapter, no work shall be deemed suitable and benefits shall not be denied to an individual, otherwise eligible, for refusing to accept new work under any of the following conditions: ... (2) If

the wages, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality.

In the present case, there was a substantial conflict in evidence as to whether there was work available to Mr. Morefield and Mr. Meuwissen. Essentially, the evidence adduced below shows the only really comparable employers to the Board of Education of Mercer County, the former employer, were the Southern Highland Mental Health Center and the Southern West Virginia Regional Health Council. The evidence was somewhat inconclusive as to whether the Mental Health Center had an available opening for Mr. Morefield and Mr. Meuwissen. Certainly Mr. Farley's testimony would suggest that Mr. Morefield and Mr. Meuwissen were not among the class of prime candidates. Additionally, there was further evidence, which even though contradicted, would support a conclusion that Mr. Meuwissen applied to, but received no response from the Southern West Virginia Regional Health Center. This evidence, read in the context of the overall evidence of the case, would suggest that there was no opening for an individual of Mr. Morefield or Mr. Meuwissen's background with that organization.

Even if such conclusions were not supported by the record, however, the evidence shows that the work with these private agencies would not actually have involved continuous employment, but rather a type of contractual relationship. Rather clearly, in this Court's view, such contractual relationship would have been potentially substantially less favorable, especially in terms of wages and hours, as well as fringe benefits, than full time employment with the Board of Education of Mercer County. In this Court's view, the availability of such employment, even if it were conclusively established, would not be availability of "suitable" employment within the meaning of *W.Va.Code*, 21A–6–6.

Similarly, the Court believes that the offer of a position as a permanent substitute to Mr. Morefield did not involve a guarantee of hours, and consequently wages, as favorable as those which he had previously enjoyed. Likewise, the conditions of the principal internship, which was offered to him, were substantially different. The record suggests that to remain eligible for the internship, claimant Morefield would have been required to fulfill conditions different from those which were previously a part of his employment. He would have been required to have applied for and entered a doctoral program and pursued different education.

In this Court's view, a liberal construction of the evidence in this case, as is required by *Davis v. Hix, supra,* supports the conclusion that "suitable" employment, within the meaning of *W.Va.Code,* 21A–6–6, was not available to claimants Morefield and Meuwissen, that the Board of Review erred in concluding that it was and that Mr. Morefield and Mr. Meuwissen were disqualified from receiving unemployment compensation benefits, and that the Circuit Court of Kanawha County properly reversed the Board of Review's decision.

For the reasons stated, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.