533 S.E.2d 356

**Robert C. TABOR, Appellant,**

v.

**Cathy S. GATSON, Clerk of the Circuit Court of Kanawha County, the Board of Review of the West Virginia Bureau of Employment Programs, and Diamond Glass Company, Inc., a Georgia Corporation, Appellee.**

No. 26841.

Supreme Court of Appeals of
West Virginia.

Submitted Feb. 16, 2000.

Decided June 14, 2000.

Otis R. Mann, Jr., Esq., Clifford, Mann & Swisher, Charleston, West Virginia, Attorneys for Appellant.

PER CURIAM:

This is an appeal by Robert C. Tabor from an order of the Circuit Court of Kanawha County holding that he was disqualified from receiving unemployment compensation benefits because he voluntarily quit his job without fault on the part of his employer. Mr. Tabor, on appeal, claims that he was fired and that the conclusion of the circuit court that he quit without good cause involving fault on the part of the employer was erroneous.

## I.

### FACTS

The appellant, Robert C. Tabor, was a glass salesman and estimator for Diamond Glass Company, Inc., and, as a part of his work, he from time to time assisted other employees prepare glass for installation.

On Friday, July 24, 1998, the appellant heard that Andy Kaliseh, his boss and the president of Diamond Glass Company, Inc., would not be working on Monday, July 27, 1998. In spite of this, Mr. Kaliseh appeared on Monday, July 27, 1998, and when he appeared, the appellant made a remark to which Mr. Kaliseh took offense. As a result, Mr. Kaliseh ordered the appellant to his office and started criticizing him. In the exchange which followed, Mr. Kaliseh suggested that he pack up his things and leave. According to Mr. Kaliseh, "I gave him the decision to either change his attitude or pack his things up and leave." According to the appellant, Mr. Kaliseh's remark was: "Well, with that attitude, you can clean your desk out. We don't need that attitude around here." The appellant interpreted what was said as meaning that he had been fired.

The appellant subsequently filed a petition for unemployment compensation benefits. The employer challenged the claim on the ground that the appellant had not been fired, but had voluntarily quit without fault on the part of the employer.

The deputy commissioner who examined the appellant's claim concluded that it would not have been unreasonable for the claimant to believe that he had been fired when his supervisor told him to pack his things and leave. Consequently, the deputy commissioner concluded that the appellant was qualified to collect unemployment compensation benefits.

The employer appealed the deputy's decision, and hearings were held before an administrative law judge. Before the administrative law judge, Mr. Kaliseh admitted that he had told the appellant to change his attitude or pack up his things and leave, but he testified that all he was doing was telling the appellant that he didn't appreciate the appellant's comments and didn't feel that they were appropriate. He essentially took the position that the appellant had not been fired, but that there had been a misunderstanding. The appellant, on the other hand, indicated that he believed that he had been fired.

After the conclusion of the hearings, the administrative law judge concluded that the claimant had maintained that he had been discharged and the employer had maintained that he had quit. The administrative law judge stated: "Considering the entire record, it is more likely that the claimant did not appreciate the nature and manner of the reprimand received from Andy Kaliseh, President, on July 27, 1998. The claimant had his pride bruised, so the claimant resigned his employment." Because of this finding, the administrative law judge reversed the decision of the deputy commissioner and ruled that the claimant had voluntarily left work without good cause involving fault on the part of the employer.

The Review Board of the Bureau of Employment Programs reviewed the documents filed in the case and upheld the decision of the administrative law judge. The Board's decision was appealed to the Circuit Court of Kanawha County, and by order entered on July 23, 1999, the circuit court affirmed the Board's decision. The circuit judge stated:

> The Court agrees with the Board of Review in recognizing that employers are well within their discretion to advise and reprimand their employees regarding proper guidelines for work to be performed on the business premises. The Court also believes that, more likely than not, a difference of opinion arose between the Claimant and his employer regarding proper work guidelines which resulted in the employer offering the Claimant employee the option of either changing his attitude or leaving his employment with the employer. It is this Court's opinion that the facts clearly show that the Claimant, faced with the aforementioned options, left his employment voluntarily without good cause involving fault on the part of the employer.

The court, therefore, affirmed the decision of the Board of Review.

## II.

## STANDARD OF REVIEW

■ West Virginia Code 21A–7–21 provides that: "In a judicial proceeding to review a decision of the board [in an unemployment compensation case], the findings of fact of the board shall have like weight to that accorded to the findings of fact of a trial chancellor or a judge in equity procedure." In Syllabus Point 1 of *Kisamore v. Rutledge*, 166 W.Va. 675, 276 S.E.2d 821 (1981), this Court stated: "Findings of fact by the Board of Review of the West Virginia Department of Employment Security, in an unemployment compensation case, should not be set aside unless such findings are plainly wrong; however, the plainly wrong doctrine does not apply to conclusions of law by the Board of Review."

Further, in *Hanlon v. Logan County Board of Education*, 201 W.Va. 305, 496 S.E.2d 447 (1997), this Court indicated that, in the unemployment compensation context, a finding of fact is clearly erroneous when, although there is evidence to support the finding, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.

## III.

## DISCUSSION

While the evidence in the present case shows that on the day the appellant left work, he had been criticized and possibly had had his pride bruised, the appellant's boss and the president of his employer, Mr. Kaliseh, admitted that he had suggested to the appellant that he could clean out his desk and leave. Additionally, during the hearings, Mr. Kaliseh implicitly recognized that the remarks could have been taken by the appellant as indicating that his employment had been terminated, and he indicated that he believed that the appellant had misunderstood them. His principal testimony was that it was not his true intention, or the true intention of the employer, to terminate the appellant's employment.

■ This Court has rather consistently recognized that: " 'Unemployment compensation statutes, being remedial in nature, should be liberally construed to achieve the benign purposes intended to the full extent thereof.' Syllabus Point 6, *Davis v. Hix*, 140 W.Va. 398, 84 S.E.2d 404 (1954)." Syllabus, *Mercer County Board of Education v. Gatson*, 186 W.Va. 251, 412 S.E.2d 249 (1991).

■ In light of the fact that the employer made remarks which reasonably have been construed as meaning that the appellant had been fired, that the appellant testified the he had been fired, and that the employer suggested that the appellant had misunderstood what was meant when the remarks were made, this Court believes that a liberal reading of the evidence, as required by *Davis v. Hix, id.*, shows that the appellant legitimately concluded that he had been fired. In light of this, the Court is left with a definite and firm conviction that the Board of Review and the circuit court were rather plainly wrong in finding that the appellant had voluntarily quit rather than left his employment because he had been discharged or because of some fault on the part of the employer.

For the reasons stated, this Court believes that the judgment of the Circuit Court of Kanawha County should be reversed, and this case should be remanded with directions that the circuit court enter an order holding that the appellant was not disqualified from receiving unemployment compensation benefits because he voluntarily quit his job without good cause involving fault on the part of his employer.

Reversed and remanded with directions.